COOPER *v.* BUREL.

Opinion delivered May 21, 1917.

MARRIED WOMEN—SEPARATE BUSINESS—FARMING.—A married woman may engage in farming as her separate business, and execute a note binding upon her in the conduct of that business.

Appeal from Lawrence Circuit Court, Eastern District; *Dene H. Coleman,* Judge; reversed.

*Smith & Gibson,* for appellant.

1. It is admitted that Mrs. Burel was a married woman, but the team was sold to her for the purpose of making a crop upon land of defendant in 1914, and she signed the note as surety, and the court erred in instructing the jury to return a verdict for Mrs. Burel. The court erred in not permitting appellant to show that Mrs. Burel secured herself by taking the mortgage upon the property for which the note was given. She was acting for the interest and benefit of her private and separate estate and is bound. 92 Ark. 604; 52 *Id.* 234; 32 *Id.* 446; 70 *Id.* 5; 89 *Id.* 354. The question should have been submitted to the jury for its consideration.

*W. E. Beloate,* for appellee.

1. This action is governed by the rule laid down in 125 Ark. 408.

2. Mrs. Burel was released by the sale of the team to her brother. A verdict was properly directed.

HUMPHREYS, J. Appellant brought suit against appellee in the Lawrence Circuit Court for the Eastern District, upon a promissory note for $350, executed on the 2d day of December, 1913, by appellees to appellant. It was alleged in the complaint that Lizzie Burel executed the note for the benefit of her personal and private estate. Lizzie Burel filed a separate answer, pleading as defenses coverture and payment. She denied that the note was executed for the benefit of her separate estate.

The cause was heard upon the pleadings and evidence and a verdict was returned in favor of appellee, Lizzie Burel. Judgment was rendered in accordance with the verdict, from which an appeal has been prosecuted to this court.

The verdict was rendered in response to a peremptory instruction of the court to the effect that appellee

was a married woman at the time she executed the con-
tract and that under the undisputed facts she could not
be held liable on the note.

The facts are in substance as follows: Mrs. Lizzie
Burel owned some farm lands which she rented to O. W.
Palmer, her co-defendant, for the year 1914. A team
was purchased by O. W. Palmer from J. W. Cooper for
$350, and this note was executed by appellee in payment
for the team. J. W. Cooper testified that the team was
purchased by O. W. Palmer for the purpose of cultivat-
ing lands which he had rented from Mrs. Lizzie Burel,
and that the team was used for that purpose; that at
the time the note was executed, Palmer lived on Mrs.
Burel's lands, which he had rented for the year 1914.

Appellant also offered to show that at the time Mrs.
Lizzie Burel executed the note she stated she would take
a mortgage on the team to indemnify her against loss,
and that she did immediately take a mortgage on the
team for that purpose. The court excluded this evi-
dence.

Section 5214 of Kirby's Digest of the Statutes of
Arkansas was under construction by this court in the
case of *Hickey* v. *Thompson,* 52 Ark. 234, and the court
held that the statute was broad enough to permit mar-
ried women to engage in the business of farming, and,
incident to said business, possessed all the powers and
privileges of a *femme sole.* The court said that the grant
of the power, without words of limitation, necessarily
carried with it the right to conduct business in the way
and by the means usually employed in carrying on same.
The usual method of carrying on the farming business is
for the landlord to advance or procure for his tenants or
employees necessary supplies, provisions, clothing, stock,
etc. This section of the statute was again before the court
for construction in the case of *Alphin* v. *Wade,* 89 Ark.
354, and the court said, quoting from the syllabus: "A
married woman, who is a stockholder and president of a
corporation engaged in mercantile business, is liable on a

note which she signed in her individual capacity as surety for borrowed money which went into the business of the corporation.'' This was on the theory that she was interested in the corporation to the extent of her stock holdings therein, notwithstanding the fact that technically a corporation is a separate entity.

It has also been held that this statute empowers a married woman to become a full partner in a partnership business. The test of her liability is not whether she is the sole owner of the business, but is whether she has an interest in the business. The farming business can be carried on directly through employees, or indirectly through tenants. The landlord is interested in the business whether carried on in the one way or the other. With reference to the separate property or business of a married woman, she is freed from the disability of coverture and may make contracts with reference thereto as effectively as if she were a *femme sole*.

The court should have permitted appellant to introduce the mortgage taken by her on the team in question, together with any statements she may have made at the time, as circumstances tending to show whether the note in question was executed in aid of her separate farming business. Under the facts above detailed and the law applicable thereto, the cause should have been sent to the jury and it was error to peremptorily instruct the jury to return a verdict for the defendant. It was a question for the jury to say whether or not Mrs. Burel signed the note for the benefit of her separate business.

Appellee contends that this case is ruled by the case of *Chittim* v. *Armour & Co.*, 125 Ark. 408. In that case, Mrs. Chittim became surety on obligations for goods that were used by a tenant who occupied her business building. She was in no wise interested in the business itself. She was not carrying on the merchandise business nor interested in it. In support of this case, Mr. Justice Kirby cited the case of *Goldsmith Bros.* v. *Moore*, 108 Ark. 362, and quoted approvingly the following lan-

guage from it: "It is well settled in this State that a married woman can not bind herself as surety or guarantor for the debts of her husband, nor for a third person, but her personal liability on contracts is restricted to contracts made for her own use and benefit or for the use and benefit of her separate estate."

The record in the instant case contained ample evidence upon which to submit the question of whether this note was executed for the benefit of the separate business or estate of Mrs. Burel.

On account of the error indicated, the judgment is reversed and the cause remanded for a new trial.