BRADLEY LUMBER COMPANY OF ARKANSAS *v.* HENRY.

4-3518

Opinion delivered July 2, 1934.

D. A. Bradham, Clary & Ball and C. C. Hollensworth, for petitioner.

C. T. Sims, W. F. Norrell, R. W. Wilson, N. H. Sadler, Aubert Martin and J. R. Wilson, for respondent.

HUMPHREYS, J. This is an application or petition to this court for a writ of prohibition directed to the Hon. Patrick Henry, judge of the circuit court of Drew County, not to proceed, upon the service obtained, with the trial of two separate causes of action for damages on account of personal injuries instituted in the circuit court of said county by Willie Beard and Mrs. Lucy Leonard against Bradley Lumber Company of Arkansas. The service in each case was obtained by delivering a copy of each summons upon Leo Jackson as agent in charge or manager of Bradley Camp, a place of business owned and operated by Bradley Lumber Company of Arkansas in Drew County, under authority of § 1152 of Crawford & Moses' Digest. That section of Crawford & Moses' Digest provides that suits may be brought against a corporation in any county in the State in which it maintains a branch office or other place of business by service of a summons upon the agent, servant, or employee in charge of said office or place of business.

The petitioner herein or defendant in each of said suits appeared in said court for the sole purpose of quashing the service on the grounds that it maintained no place of business in Drew County within the meaning of § 1152 of Crawford & Moses' Digest and that the

summons was not served upon its agent, servant, or employee in charge of any such business.

The motion to quash the service was submitted to the court upon testimony introduced by the parties to the suits and was overruled over petitioner's objection and exception, and this petition for a writ of prohibition followed.

Petitioner states in its brief that it is entitled to the writ unless there is some substantial evidence in the record to support the finding of the circuit court to the effect that it maintained a branch office or place of business in Drew County which was in charge of and managed by Leo Jackson.

The construction placed upon § 1152 of Crawford & Moses' Digest by this court is that service of process is good and sufficient if served upon an agent, servant, or employee of a corporation in charge of a well defined line of business carried on by the corporation in the county where the suit is brought. *Terry Dairy Company* v. *Parker*, 144 Ark. 401, 223 S. W. 6; *Cooper* v. *Burel*, 129 Ark. 261, 195 S. W. 356; *Ft. Smith Lumber Company* v. *Shackelford*, 115 Ark. 272, 171 S. W. 99.

The record reflects that the main office or place of business of petitioner was at Warren, the county seat of Bradley County, where it carried on a large lumber and logging business. It also reflects, by the admission of Joe L. Reaves, vice-president and manager or superintendent of all the outside business conducted by said company, that it maintained a branch office and business at Camp Bradley in Drew County until the............day of ...................., 1932; at which time, it moved the branch office or business conducted in Drew County to its main office or place of business in Warren. At the particular time referred to, petitioner moved the commissary from Bradley Camp in Drew County to Warren and ceased to cut logs in Drew County and haul them to the mill at Warren, and discharged some of the employees at that point. Everything else was left intact and the rest of the business was conducted as it had been for years. About twenty employees and their families remained

at the camp and paid rent on the houses in which they lived, some eighteen or twenty of them. It continued to operate its light and water plants at that point for the use of its employees. It continued each working day to operate its two engines or trains for the purpose of transporting its employees to points in other counties to cut and load logs for use at the mill in Warren. When the engines came in over night, they were cooled off, repaired if necessary, and supplied with water for use the next day. They were housed and looked after by hostlers over night. Orders for supplies were solicited by an agent from Warren and brought from Warren to the camp and delivered to the employees. A little office attached to the building formerly used for the commissary remained furnished as before with a safe which contained records, an adding machine, chairs, and a desk. This office was used by Leo Jackson and others for clerical work such as making up time lists, logging statements, reports, etc., to be sent in to the main office or place of business at Warren. A telephone connected with the main place of business in Warren was used by Leo Jackson and others. Joe L. Reaves, in the capacity of manager or supervisor, visited the camp every ten days or two weeks, and in his absence Leo Jackson acted as his assistant and carried out his orders. Leo Jackson lived in one of the houses at the camp and was on the ground or else out where they were sawing logs in Bradley County practically all the time. The employees regarded and treated him as the boss. The deputy sheriff who served the summons on him was directed to him when he inquired from an employee for the manager. Before serving the summons on him, he asked him whether he was the manager of the business in Drew County, and he replied that he was. Other circumstances appearing in the record indicate that he was the manager of a substantial part of the petitioner's business in Drew County at the time the summons were served upon him. We think there is ample evidence in the record to sustain the circuit court in overruling the motion to quash the summons.

The writ is therefore denied.