## STACY & THOMAS V. STICHTON & CO.

1. ATTACHMENT: ALTERNATIVE ALLEGATIONS. A petition for an attachment in which the causes for attachment defined by the statute, are alleged in an alternative form, is insufficient.
2. SAME: CLAIM NOT DUE. An attachment may be issued in an action on a claim before it is due, only when one or more of the causes defined by the statute providing for attachments in such actions, are alleged in the petition.

3. SAME: ALLEGATIONS. A petition for an attachment setting forth an allegation of sufficient cause in the alternative with one that is insufficient, is defective.

4. ANSWER: AFFIRMATIVE MATTER. An allegation in an answer of payment of the amount sued on, is not an affirmative allegation within the meaning of section 1742, Code of 1851.

*Appeal from Des Moines District Court.*

FRIDAY, OCTOBER 21.

Plaintiffs claim upon two promissory notes, one due and the other not, at the time of the commencement of the action. An attachment was prayed for and issued. On defendants' motion the attachment was dissolved, and on the trial of the main action, judgment was rendered against plaintiffs for costs, and they now appeal. For the other facts see the opinion.

*Browning & Tracy* for the appellants.

*C. Ben Darwin* for the appellee, cited Drake on Attach., section 108, *et seq.*

WRIGHT, C. J.—So much of the petition as asks the attachment, contains the averment, "said defendants are *about to, or have disposed* of their property in whole or in part with intent to defraud their creditors;" and as to the note not due, it is stated, "that nothing but time is necessary or wanting to fix an absolute indebtedness on said note." The motion was sustained, "because the facts or cause set forth for the attachment is in the alternative."

The Code gives the party an attachment (as to debts due) when the defendant is *about* to dispose of his property, and also when he *has* disposed of his property, with intent to defraud his creditors. The affidavit must rely upon one cause or the other, or upon two or more combined—and it will not do to state them alternatively, as the defendant *has* disposed, *or* is *about* to dispose, of his property, &c. It

Stacy & Thomas v. Stichton & Co.

may be stated that defendant *has* disposed, *and* is *about* to dispose ; *and* that he is a non-resident, and so on, as to all of the causes provided by the statute, if the plaintiff sees proper to thus swear. The rule is uniform, however, that he cannot state the causes in the alternative. Drake on Attachment, (section 101, and notes 1 and 2) *Bates* v. *Robinson*, June term, 1859.

As to the debt not due, the affidavit is even more defective than as to that due. Section 1852 gives the right to attach property previous to the time when the debt becomes due, when nothing but time is wanting to fix an absolute indebtedness, and when the defendant is *about* to dispose of his property with intent to defraud his crediters. Such an attachment cannot be made, however, in a case where he *has* disposed of his property. This is not one of the causes provided by the statute, giving an attachment for debts *not* due. An affidavit which states that defendant has done, or is doing, that which gives the right to an attachment, *or* that which is not sufficient, of course is defective. *Hagood* v. *Hunter*, 1 McCord, 511; *Barnard* v. *Sebre*, 2 A. K. Marsh. 151.

The answer is as follows: "Defendants deny all the averments of the petition. 2d, They say each of said claims has been fully paid and satisfied, and that defendants owe no part thereof, or any of said claims to plaintiffs."

The plaintiffs read the note sued on, in evidence, and rested their case. Defendants then claimed that their answer, being undenied, was to be taken as true, and that they were entitled, under the pleadings, to judgment. This petition was sustained, and judgment rendered against plaintiffs for costs.

There was nothing in the answer rendering or needing a replication in order to complete the issue. Granting that defendants would not have been permitted to prove payment without setting it up in the answer, it by no means follows that a replication was necessary. Such an averment is not

an affirmative allegation, requiring a response within the meaning of section 1742 of the Code. The petition alleges that so much is *due and owing*. The answer denies this and says the whole amount claimed has been paid. Beyond this, while a response could work no injury, it was unnecessary to complete the issue.

Judgment reversed.