POWESHEIK COUNTY V. MICKEL.

1. PLEADINGS. A plea of payment in an action on a promissory note is not affirmative matter, and will not be taken as true if not replied to. [STOCKTON, J. dissenting to the application of this rule to cases in which payment is the only defence set up.]

*Appeal from Powesheik District Court.*

TUESDAY, NOVEMBER 8.

THE plaintiff sues on a promissory note. The defendant answered at the first term, admitting the execution of the note, but denying any indebtedness thereon to the plaintiff, and averring payment and discharge of the note at its maturity. At a subsequent term plaintiff replied denying the plea of payment. After this, and at the same term, defendant moved for a change of venue, which was overruled and defendant appeals.

*Wm. Loughridge* for the appellant.

*W. E. Cutts* for the appellee.

WRIGHT, C. J.—The motion for the change of venue was overruled, for the reason that the defendant did not show that the cause alleged had come to his knowledge since the last continuance. This, it is admitted he was required to do,

unless excused therefrom by the condition of the pleadings. And the argument is that previous to the term at which the application was made, the answer stood undenied, that the issue was not made up, and that defendant could not therefore sooner know that the change would be necessary.

According to the rule recognized in *Stacy & Thomas* v. *Stichton & Co.*, 9 Iowa 399, the issue was complete without the replication, and the application as a consequence was too late. We think that case, in its principle, governs this.

Judgment affirmed.

STOCKTON, J., *dissenting.*—I think the plea of payment in this instance, was an affirmative allegation to which the plaintiff was required to reply, either by an admission or denial; and in default of a replication, it was to be taken as true. There was no other answer by the defendant, except the plea of payment, and no other issue tendered to be joined by the plaintiff. When such is the case, I think the better rule is that the plea of payment should be denied.

In *Stacy & Thomas* v. *Stichton & Co.*, 9 Iowa 399, decided at this term, there was another answer filed, putting in issue all the averments of the petition. In such case the additional plea of payment, in my opinion, is not such an affirmative allegation as should be responded to, because it does not make any new or different issue from that already joined between the parties.

It is not every affirmative allegation of the petition that the defendant is required to deny. But only such as should be responded to in order to make an issue, which if not denied must be taken as true. Code section 1742. In the case cited I think it was not necessary that the plea should have been replied to in order to form an issue ; but in the present case, I think it was necessary that the plea should be replied to. As no replication was put in until the term succeeding the filing of the answer, the defendants application for a change of venue was in due time.