GARRETSON v. BITZER.

1. **Burden of Proof**: CONTRACT: PLEADINGS. The plaintiff claimed a certain sum as still due under a contract of sale, set out in the petition. The defendant denied all indebtedness on account of the contract declared on, and set forth substantially the same contract, alleging payment in full. *Held*, that the burden of proof was upon the plaintiff to establish the fact of indebtedness.

2. ———: EVIDENCE: FINDING OF COURT. The finding of the court that the plaintiff had failed to establish his claim by a preponderance of evidence, when not opposed to the evidence, will not be disturbed.

3. ———: ———: IMMATERIAL. Evidence tending to show how plaintiff understood the contract before the trade was consummated, but not shown to have been communicated to the defendant, and which would not throw any light upon the real contract between the parties, was properly rejected.

*Appeal from Muscatine Circuit Court.*

THURSDAY, DECEMBER 15.

THE plaintiff claims of the defendant the sum of three hundred dollars, and alleges as a ground of such claim that he sold and conveyed to the defendant certain real estate for the consideration of two thousand dollars, and that there is due and owing to the plaintiff on account of said sale the sum of three hundred dollars. The defendant filed an answer denying that there is due and owing to the plaintiff the sum of three hundred dollars, or any other sum, on account of said contract and sale, and alleging " that the original agreement between said parties for the sale by plaintiff and the purchase by defendant of said lot was, by mutual consent, modified and changed as follows: that defendant agreed to give, and plaintiff agreed to accept, as full payment for said premises, the following, to-wit: ten shares of stock of the Muscatine National Bank, three hundred dollars in money, and defendant's note for seven hundred dollars, at fifteen days' time; and that pursuant to, and in fulfillment of, said contract the defendant transferred, paid, executed, and delivered unto plaintiff the

said stock, money, and promissory note, and the plaintiff then and there accepted the same as full payment for said premises, and delivered to defendant his conveyance of said premises."

Subsequently the defendant filed an amendment to his answer, as follows:

"The defendant says that on or about the 12th day of October, 1878, the plaintiff offered and agreed to sell and convey unto the defendant the aforesaid premises for the following consideration, to wit: three hundred dollars in money; the promissory note of this defendant, at fifteen days' time, for seven hundred dollars; and the transfer and assignment by defendant to the plaintiff of certain shares of the capital stock of the Muscatine National Bank, then held by and standing in the name of the defendant on the books of said bank, which said offer and agreement were accepted by the defendant; and pursuant thereto, and in fulfillment thereof, the plaintiff executed and delivered unto the defendant his deed and conveyance of said premises; and the defendant paid, executed, delivered, and transferred unto the plaintiff the aforesaid money, promissory note, and bank stock in full payment and satisfaction of said agreement and for said conveyance, and the same were so accepted and received by the plaintiff."

The cause was tried to the court, and judgment was rendered in favor of the defendant. The plaintiff appeals.

*J. Scott Richman* and *Brannan & Jayne,* for the appellant.

*J. Carskadden* and *Hoffman, Pickler & Brown,* for appellee.

DAY, J.—I. In determining the case the court held that the burden of proof was upon the plaintiff, and that he must

1. BURDEN of proof: contract: pleading.

fail because he had failed to establish the facts essential to his recovery by a preponderance of evidence. It is insisted that in this ruling the court erred. It is claimed that the answer of the defendant

is in the nature of a confession and avoidance, and that the burden of proof is upon the defendant to establish payment in full as alleged in the answer. It is to be observed, however, that the defendant does not admit in his answer that he agreed to pay the plaintiff two thousand dollars for the land in controversy, or that there ever was due the plaintiff three hundred dollars on the contract. The defendant simply sets up this agreement, as he understands it, and alleges that he has complied with it. It was not incumbent upon the defendant, in order to defeat the plaintiff's claim, to prove this agreement, and a compliance with it. The substantial issue, and which involves the merits of the case, is whether there is due the plaintiff three hundred dollars on the contract of purchase. The plaintiff alleges that such sum is due. The defendant denies that that sum or any amount is due. The plaintiff cannot recover without proving some amount due. The burden of proof is upon the plaintiff to establish that fact. The court did not err in holding that the plaintiff must establish his claim by a preponderance of tetsimony.

II. The plaintiff was president of the Muscatine National Bank, which on the 9th of October, 1878, was in process of liquidation. The defendant owned ten shares of $100 each in this bank. On the 9th of October, 1878, the plaintiff informed the defendant that there was a dividend of thirty per cent of his shares of the capital stock at the bank to be refunded to him. On the same day the defendant went to the bank to draw his dividend, but was unable to do so, because he did not have his certificate of stock with him. The next morning, October 10, the defendant drew his stock dividend of $300, which fact was indorsed on his certificate of stock. At the same time he deposited the amount of his dividend with G. A. Garretson & Co., bankers, successors to the Muscatine National Bank, the Garretson of that company being the plaintiff. On the 12th day of October, the plaintiff sold to the defendant the land in question, accepting in pay-

*2. —— : evidence : finding of court.*

ment $300 in money, the defendant's note for $700, and the defendant's stock in the Muscatine National Bank. The whole controversy between the parties arises over this dividend of $300, which was paid to the defendant before the trade was effected. The plaintiff insists that he was to have ten full shares of defendant's stock at par, and that when he made the trade he did not know that the defendant had withdrawn a dividend of $300 on his stock. Upon the other hand, the defendant insists that the agreement was that he was to give for the land $300 in money, his note for $700, and his bank stock; that he did not understand when he made the trade that the dividend was to go to Garretson, and that he would not have agreed to trade at all if he had known Garretson wanted the dividend. Upon this issue there is a direct conflict in the evidence. The burden of proof is, as we have seen, upon the plaintiff. In our opinion the court correctly held that the plaintiff had failed to establish his claim by a preponderance of testimony. Besides the finding of the court upon a question of fact stands as the verdict of a jury, and will not be disturbed unless so clearly opposed to the evidence as to indicate that it was the result of passion or prejudice. The finding in this case is not so opposed to the testimony.

III. The court held that the parties understood the agreement differently; that the plaintiff had reason to suppose that the defendant understood he was at liberty to draw the dividend of $300, and that it was not to be included in the transaction; and that under section 3652 of the Code, that sense is to prevail against the plaintiff, in which he had reason to believe the defendant understood it. It is claimed that the court erred under the evidence, in holding that the plaintiff had reason to suppose that the defendant understood he was at liberty to draw the dividend. If the court did so err, it was clearly error without prejudice. The court would not have been justified in finding from the evidence that the defendant had reason to suppose that the plaintiff understood the

defendant was not at liberty to draw the dividend.  We would then have a case in which neither party had reason to believe the other understood the contract in a sense different from that in which he himself understood it, and consequently a case to which section 3652 would not apply.  Independently of that section the real contract must be determined from the evidence. But the court found that the plaintiff had failed to prove the contract as he alleged it.  So that even if section 3652 does not apply, the general result is not affected.

IV.  On the trial the plaintiff introduced one Lyman Banks as witness, and asked the following questions:   " Do you know whether or not during that time, when the the parties were negotiating, Mr. Garretson made any inquiry about the payment of this dividend?    State whether or not Mr. Garretson came to the bank before this trade was consummated to see whether this dividend had been paid?"  These questions were objected to as incompetent and immaterial.  Thereupon the plaintiff stated that he proposed to show by the witness " that while plaintiff and defendant were negotiating, and before the trade was consummated between them, Mr. Garretson went to the bank and inquired if Mr. Bitzer had drawn his dividend upon the stock, and was informed that he had not."  To all of this, both question and showing, the defendant objected, and the objection was sustained.  This action of the court is assigned as error.  We think the ruling of the court is correct.  The proposed evidence would have shown that the plaintiff was deceived by the bank of which he was president, and would have tended to show that he expected to get the dividend.   But it would not tend to throw any light upon the real contract between the parties.  It is to be observed that it was not proposed to show that the fact of this inquiry and information was communicated to the defendant.  The defendant can in no way be bound by it.   Besides, the court states in its opinion that, having doubts as to the correctness of the exclusion of this

3. ——: ——; immaterial.

evidence, it has given the plaintiff the full benefit of his of-
fer to prove the facts stated, and has regarded them as proved.

We discover no error in the case. The judgment is

AFFIRMED.