EPHRAIM BALDWIN, SURVIVOR OF BALDWIN & WING, v. DANIEL CLOCK.

*Action by attorney for services—Disparaging remarks of court—Payment—Evidence.*

1. In a suit by an attorney for professional services, the trial judge goes beyond his province in referring disparagingly to the plaintiff, or the value of his services.
2. Payment is a matter of defense to be shown by the defendant in some way, when plaintiff has made out his case.
3. In a suit for services testified to have been rendered by plaintiff a year after the date of a receipt for the payment for a specific service rendered, the jury are not authorized to consider such receipt as covering the later account.

Error to Monroe. (Morris, J.) Submitted on briefs October 21, 1887. Decided January 19, 1888.

Assumpsit. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Willis Baldwin,* for appellant.

*Elam Willard,* for defendant.

CAMPBELL, J. Plaintiff, as survivor of the law firm of himself and Anderson Wing, practicing in Monroe, sued defendant for legal services rendered in connection with defendant's claim against a railway company for damaging his land in Toledo, Ohio. Plaintiff recovered $40, the amount of his claim for firm services, but did not recover the sum of $25 claimed for the value of retaining Warner Wing as counsel. Defendant appealed, and in the circuit the plaintiff recovered nothing, and assigns errors for misdirection of the circuit judge.

Plaintiff made out by his own testimony a full case show-

ing his own services and Judge Wing's, with the assent and concurrence of the defendant to all the employment. One purpose of the employment was to procure an injunction against the alleged wrongful encroachments of the railroad. Plaintiff showed that he was employed four days, and Judge Wing two days, in looking up and consulting on the matter, and had prepared the material and authorities for procuring the injunction.

Defendant produced a receipt signed in the firm name by Anderson Wing, plaintiff's deceased partner, in these words :

" Received of Daniel Clock six dollars, payment in full for trip to Toledo."

This was dated June 18, 1872.   This was a year before the services referred to by plaintiff in his testimony.

Defendant also produced a letter written in 1874 by Baldwin & Wing inclosing an account charging the services in 1873 at a larger sum than that recovered before the justice, but within the amount testified to by plaintiff.

Defendant also introduced testimony tending to show that plaintiff wished to look at the premises, and offered to go down to Toledo for $5, which was paid him.   He also said that he did not wish Judge Warner Wing employed as counsel, and when he learned of such employment he dismissed plaintiff, and employed Mr. Kent, of Toledo.

He also produced a witness who, without giving time or identity of claim, swore that Anderson Wing said to him in a saloon that the account mentioned in the receipt was paid in full.

Plaintiff testified that the receipt was merely for the expense of a visit to Toledo.

Errors are assigned upon some disparaging remarks of the judge, and the admission of a piece of testimony, which is itself omitted from the record.   But as there was a more vital mistake made on the merits, these need not be

considered, although, if the judge referred to plaintiff and the value of his services, he went beyond his province.

The court charged that the plaintiff must not only prove his claim, but that it was not paid. And it was further charged that the receipt goes for what it reads, except as explained or modified by the acts or remarks of the parties, and referred to the receipt in connection with what was said by Anderson Wing, as what might, if believed, show a settlement in full.

Nothing is plainer than that payment is a matter of defense to be shown by defendant in some way, when plaintiff has made out his own case. And so far as the receipt goes, it does not purport to cover anything but a trip to Toledo; and the very loose talk of the witness about Anderson Wing's admissions goes no further. There was nothing to authorize the jury to consider this receipt or Wing's statement to cover the principal part of the account, and the only matters which plaintiff claimed in his testimony.

The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.