GEORGE L. DOOLITTLE, SURVIVOR, ETC., v. ELLEN GAV-
AGAN.

*Payment—Burden of proof—Evidence—Facts equally within knowl-
edge of deceased.*

1. The burden of showing the alleged payment for goods which
   are admitted to have been received and accepted, and not
   paid for at time of delivery, is upon the defendant who
   asserts such *after* payment.
2. Under the facts of this case, the husband of defendant is held
   not disqualified to testify to the payment by him to a member
   of plaintiff's firm, since deceased, of the account sued upon.
3. Where in a suit by a surviving partner the defendant claims to
   have paid the account sued upon to the deceased partner, and
   is allowed in support of such claim to make proof of the pur-
   chase of a draft by such partner, at about the time of such
   payment, in the city where defendant resided, payable to the
   firm, the book from which such partner reported his collec-
   tions to the firm on his return from his trip, and which did
   not show the receipt of said payment from defendant, should
   be received in evidence on rebuttal.

Error to Alpena. (Emerick, J.) Argued January 25,
1889. Decided February 8, 1889.

*Assumpsit.* Plaintiff brings error. Reversed. The
facts are stated in the opinion.

*Turnbull & Dafoe,* for appellant, contended:

1. Where plaintiff's claim is admitted, but defendant claims he
   has paid it, the burden of proof is on the defendant to show
   payment; citing *Atwood v. Cornwall,* 25 Mich. 142; *Adams v.
   Field,* Id. 16; *Wakeman v. Akey,* 29 Id. 308; *Stewart v. Ash-
   ley,* 34 Id. 183; *Brown v. Brown,* 39 Id. 792; *Walker v. Rail-
   way Co.,* 47 Id. 339; *Smith's Appeal,* 52 Id. 420.
2. In any case, if an instruction is so worded that, as applied to
   evidence, it has a tendency to mislead, it is error; citing
   *Hutchinson v. Railroad Co.,* 37 Wis. 582; *Wilson v. Henry,*
   40 Id. 595; *Atkinson v. Transportation Co.,* 69 Id. 5.

3. The defendant of record is merely the nominal defendant; her husband is the active and real person in the business, and, while he does not come under the exact words of the statute, he does come under its spirit and equity; citing How. Stat. § 7545; *Mundy v. Foster*, 31 Mich. 313; *Bachelder v. Brown*, 47 Id. 366; *Youngs v. Cunningham*, 57 Id. 155.

·*R. J. Kelley*, for defendant.

[Brief is confined to a discussion of the testimony. No authorities cited.—REPORTER.]

MORSE, J. The plaintiff, as survivor of the firm of Doolittle, Webster & Co., of Detroit, Mich., brought suit in the Alpena circuit court, claiming the right to recover against the defendant for a bill of goods sold and delivered to her in the fall of 1881, amounting to $631.12. The defendant admitted the purchase and delivery of the goods, but asserted that her husband had paid for them, with the exception of eight dollars. The payment was claimed to have been made to John H. Webster, one of the firm, who was dead at the time of the trial. The jury in the court below rendered a verdict in favor of the plaintiff for the eight dollars, and interest, and judgment was entered thereon.

The court instructed the jury, in substance, that the plaintiff, in order to recover more than eight dollars, must establish by a preponderance of the testimony that the goods had not been paid for. This was error. It was admitted that the goods were received and accepted, and were not paid for at the time of delivery. John Gavagan, the husband of the defendant, testified that he paid for them, excepting eight dollars for some flasks, in the spring of 1883. The burden of showing this alleged payment was upon the defendant, and the jury should have been so instructed.

There are some other objections which we will notice, as the same questions will undoubtedly arise upon another

trial. It is claimed by the plaintiff that John Gavagan, the defendant's husband, was not a competent witness under the statute; Webster, to whom he testified he made the payment, being dead. How. Stat. § 7545; Laws of 1885, p. 156. It is contended that the testimony shows that he is the real defendant; that he admitted that he carried on and controlled the business in his wife's name; and that he was financially interested in the business. But he also testified that he was only interested because he got his living, his clothes, food, and drink out of the business, working for his wife, and that the proceeds of the business were turned over to the defendant. The business had been in the wife's name since 1869. Plaintiff's counsel admit that he does not come within the letter of the statute, but claim that his testimony is barred by the spirit and equity of it. We do not think he can be shut out as a witness in this case. The firm, of which the plaintiff is survivor, dealt with him as the agent of Mrs. Gavagan, and not as owner of the business. The suit is brought against her upon this sale, and it does not become the plaintiff now to claim that the husband, and not the wife, is the real party defendant. The plaintiff cannot, in this way, exclude both the husband and the wife from testifying in the case. He must try the suit as he has planted it, and for its purposes the defendant must be treated as the person to be charged with the payment of the goods, and the one interested in the suit, and barred under the statute from testifying to any matters equally within the knowledge of Webster.

It is said by plaintiff's counsel, in their brief, that they do not contend that his evidence was incompetent because he was the husband or agent of defendant, but by reason of his being the real party, and in fact carrying on the business in his wife's name; that the suit might have been brought against both of them. But it

was not so brought, nor do we think it could have been, as husband and wife cannot be copartners in this State. *Artman v. Ferguson*, 73 Mich. 146. The suit to collect for these goods in the form of action employed here, *assumpsit*, and under the common counts, must be brought against one of them, and not jointly. Having elected to sue the defendant, the husband, John Gavagan, must be considered a competent witness to the alleged payment, and the plaintiff must be content with the exclusion of her testimony.

George L. Maltz was sworn on the behalf of the plaintiff, and on cross-examination testified that Webster, on May 4, 1883, bought a draft of the Alpena National Bank, payable to the firm of Doolittle, Webster & Co., for the sum of $1,304.85. The plaintiff was afterwards recalled in his own behalf, and testified that the firm had other customers at Alpena, and along the lake shore, than Mrs. Gavagan, and that Webster often bought drafts at the Alpena Bank, when he had more currency than he wished to carry. It was then attempted to show by this witness that Webster, when he arrived at Detroit from this trip, made a statement or report to the firm of the moneys comprising this draft, and from whom received. The plaintiff testified that he possessed no knowledge of whom the moneys were collected from, except what was derived from a memorandum made by Mr. Webster of the moneys collected by him at Alpena, in May, 1883. This memorandum was made in a diary or cash-book kept by Webster. This book was offered in evidence, or so much of it as contained this memorandum. Its admission was refused by the court. The book contained a list of the names of persons from whom Mr. Webster had collected money up to May 4, 1883, and the amount so collected from each. The money so collected was more than the amount of the draft, and the name of Gavagan did not

appear in the list. It is claimed that the fact of the buying of this draft should not have been admitted in evidence, and, when it was allowed in the case, plaintiff should have been permitted to introduce the rejected testimony to meet the claim of defendant that the money paid by Gavagan was contained in this draft. We cannot understand upon what theory this evidence of the buying of a draft of Maltz was admissible, but, as the direct examination does not appear in the record, we cannot say that it was improperly admitted. Inasmuch as it was admitted, and used for the purpose of showing that Gavagan paid Webster the debt, as he claimed, we think the book, from which Webster reported his collections to his firm, should have been received in evidence on rebuttal of this claim. See *Wright v. Towle,* 67 Mich. 255 (34 N. W. Rep. 578).

The judgment must be reversed, and a new trial granted, with costs.

CAMPBELL and LONG, JJ., concurred. SHERWOOD, C. J., and CHAMPLIN, J., did not sit.