GEORGE E. BARKER ET AL. V. BERT GLENDORE WHEELER.

FILED JUNE 19, 1901.   No. 11,288.

1. General Denial Being Plea of Non-Assumpsit, Does Not Traverse
Allegation of Non-Payment.  In an action upon a promissory
note, or other contract for the unconditional payment of
money, a general denial, being regarded as the Code equiva-
lent of the common-law plea of non-assumpsit, does not put
the allegation of non-payment in issue.

2. Under General Denial, Proof of Payment Not Permissible.  In
actions upon contract for the unconditional payment of money
it is not permissible, under a general denial, to prove payment,
even though made in accordance with the terms of the contract.

3. In Suit on Official Bond, a General Denial Does Not Relieve Plain-
tiff of Proving Injury.  But in an action on an official. bond, or
other bond of indemnity, the plaintiff is not, by an answer
consisting of a general denial, relieved of the necessity of prov-
ing the loss or injury out of which his right of action arose.

4. Tender of Proof of Payment Not Implied Admission of Action-
able Denial.  An offer to prove payment is not in every case
an implied admission that the plaintiff once had an actionable
demand; its purpose may be to prove that a right of action
never existed.

5. Payment Offered to Disprove Official Misconduct Not New Mat-
ter.  Payment is not new matter, within the meaning of sec-
tion 99 of the Code of Civil Procedure, when it is offered to
disprove a charge of official misconduct.

ERROR from the district court for Douglas county.
Tried below before SCOTT, J.

Rehearing of case reported in 60 Nebr., 470.  *Judgment
below reversed.*

*E. J. Cornish,* for plaintiffs in error.

*Isaac Adams, C. V. Miles* and *John P. Breen, contra.*

SULLIVAN, J.

Bert Glendore Wheeler sued the plaintiffs in error as
sureties upon an official bond and obtained judgment
against them.   The petition alleges that one James W.
Eller was county judge of Douglas county during the term

ending January 3, 1894; that the defendants, George E. Barker and William S. Rector, were the sureties upon his official bond; that Eller, in his official capacity, received certain money belonging to the plaintiff and converted the same to his own use. The answer admits that Eller was county judge and that defendants were his sureties, but denies in general terms the other averments of the petition. The only assignment of error with which we have to deal calls in question a ruling of the trial court excluding evidence tending to show that Eller, while he was yet judge of the county court, paid the plaintiff's money to her duly constituted guardian. The correctness of this ruling depends upon whether, in actions of this kind, evidence of payment is admissible under a general denial. It is settled doctrine in this state that, in actions to recover money claimed to be due upon ordinary contracts, the general denial is the Code equivalent of the common law plea of non-assumpsit, and hence does not put the allegation of non-payment in issue. *Magenau v. Bell*, 14 Nebr.; 7; *Clark v. Mullen*, 16 Nebr., 481; *Lamb v. Thompson*, 31 Nebr., 448; *Lewis v. Lewis*, 31 Nebr., 528; *Ashland Land & Live-Stock Co. v. May*, 51 Nebr., 474; *Hudelson v. First Nat. Bank*, 51 Nebr., 557. These cases recognize no distinction between payment according to the terms of the contract and payment after breach of the contract; and one of them at least (*Clark v. Mullen, supra*) is a direct adjudication to the effect that payment at the time goods were sold and delivered, and before a cause of action arose, could not be shown unless specially pleaded. But neither this court, nor any other so far as we know, has ever held in an action on an official bond or other bond of indemnity, that the plaintiff was, by a general denial, relieved of the necessity of proving the loss or injury out of which arose his right of action. The defendants did not by their bond become indebted to the plaintiff; they assumed no specific obligation to her which they were bound at all events to discharge by payment or otherwise; their promise, given to the county of

Douglas, was to make good any loss that the public or individuals might sustain by reason of the official misconduct of Eller. This being so, it would be illogical—it would be inconsistent with reason and common sense—to hold that a general denial, like the plea of non-assumpsit, put in issue nothing but the execution of the bond. An offer to prove payment is not in every case an implied admission that the plaintiff once had an actionable demand against the defendant; its purpose may be, as in this case, to prove that a right of action never existed. Eller received the money in question rightfully; his possession of it as county judge was lawful, and there is no presumption that he was guilty of official misconduct. The allegation of conversion was, therefore, a material one, and it was not admitted by the general denial. Payment was not new matter, within the meaning of section 99 of the Code of Civil Procedure, for it was offered, not to show the discharge of an obligation that once existed, but to show that the bond had not been forfeited as alleged; that Eller had not been guilty of official misconduct; that the plaintiff had not been injured;—in short, that one of the essential averments of the petition was not true. In *State v. Peterson*, 39 S. W. Rep. [Mo.], 453, which was an action upon an official bond, the court, speaking by Macfarlane, J., said: "In cases in which non-payment is a material fact necessary to constitute plaintiff's cause of action, it must be alleged in the petition and proved as a part of plaintiff's case, and defendant can controvert it, under a general denial, by proof that payment was made."

Other cases to the same effect are *Wheeler & Wilson Mfg. Co. v. Tinsley*, 75 Mo., 458, and *Knapp v. Roche*, 94 N. Y., 329. The case of *Hudelson v. First Nat. Bank*, *supra*, does not at all support the position for which the plaintiff contends. It merely decides that, in an action by a mortgagee for possession of mortgaged chattels, an allegation of non-payment of the mortgage debt is indispensable. The legal effect of a general denial was not determined, nor was there any occasion to consider the question, as the

statute declares the effect of such a denial in actions of replevin.

The judgment heretofore rendered in this court is set aside, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.