Omaha Alfalfa Milling Co. v. Hallen.

OMAHA ALFALFA MILLING COMPANY, APPELLANT, V. HJALMAR T. HALLEN ET AL., APPELLEES.

FILED NOVEMBER 10, 1920.    No. 21123.

Payment: PLEADING AND PROOF. The plea of settlement or ratification is an affirmative defense, the burden of which is upon defendant; and, in order to be availed of by him, such defense must be pleaded.

APPEAL from the district court for Buffalo county: BRUNO O. HOSTETLER, JUDGE. *Reversed.*

*J. M. Fitzgerald,* for appellant.

*Lysle I. Abbott, John N. Dryden,* and *I. J. Dunn, contra.*

LETTON, J.

The petition in substance charges that plaintiff was the owner of 52 tons of alfalfa hay; that defendants unlawfully converted the hay to their own use; that its reasonable value was $1,040; that $626.25 has been paid, and there is still due $413.75, with interest from the date of conversion.

The answer of defendant Hallen admits that plaintiff was the owner of the hay, and the payment of $626.25, but denies every other allegation.

The answer of defendant Palmer is a general denial, and a statement that any hay purchased by him from Hallen was purchased for the Grain Belt Mills Company of St. Joseph, Missouri, and not for himself. A jury was waived, and the case tried to the court, which found for defendants, and dismissed the action. Plaintiff appeals.

The principal question is one of pleading, but it is neces-
sary to state the facts.  Plaintiff, whose place of business
is in Omaha, purchased from one Hallen, who lived near
Riverdale, Buffalo county, about 200 tons of alfalfa hay.
This hay was to be shipped to Omaha, but, being unable to
procure cars in which to ship it, a large portion of it was
stored in a barn in Riverdale and left in custody of Hallen
to be shipped by him when cars were obtainable.  Plain-
tiff agreed to pay him 50 cents a ton for loading and ship-
ping the hay.

About this time one Palmer, representing a milling con-
cern at St. Joseph, Missouri, was purchasing hay at River-
dale.  Hallen sold him a quantity of hay which he had pur-
chased from a man named Frederick.  This will be here-
after referred to as the Frederick hay.  Hallen was com-
pelled to go to Omaha, and remained some weeks.  Before
he left he instructed one Lindholm, an employee, to load
the Frederick hay and to notify Palmer, who would bill it
out when it was ready for shipment.  Lindholm evidently
misunderstood the directions.  He loaded the Frederick
hay, also about 50 or 60 tons of plaintiff's hay, and noti-
fied Palmer, who billed it all to his principal in St. Joseph,
making drafts for the purchase price.  When Hallen re-
turned he learned what had happened, and notified the
plaintiff at Omaha.  The president of the plaintiff corpora-
tion went to Riverdale, paid Hallen for loading the hay,
and afterwards, though the evidence is not clear upon this,
attempted to collect the value of the hay from the St.
Joseph concern.  In the meantime $626.25 had been paid
into a bank at Kearney to Hallen's credit by the consignee,
on account of this shipment of plaintiff's hay.  Plaintiff
put the matter in the hands of an attorney, who wrote a
letter to Hallen, stating in substance that he knew of the
deposit of $626.25 in the Kearney bank to Hallen's credit
on account of this shipment of hay, "and I would suggest
that you mail me a check for the amount above, so that
we can apply the same on account of the sale, thus avoid-
ing bringing you into the lawsuit which I believe that I

shall be compelled to bring before the matter can be adjusted."

Hallen communicated with plaintiff and found the attorney was authorized to receive the money. He gave him a check for the amount. A receipt was given Hallen, which recites that it was for the money "placed to *my* credit by the Grain Belt Mills Co. of So. St. Joseph, Missouri, without my knowledge, by one Palmer, purchasing agent of said company, on account of alleged purchase of alfalfa hay." This was a slip of the pen for the money was placed to Hallen's credit, as both knew.

Under these facts, Hallen,. through his employee, converted plaintiff's hay. There is some testimony that Palmer knew at the time that plaintiff's hay was included in the shipment. Assuming this to be the fact, then Hallen and Palmer were joint tort-feasors. If the plaintiff settled and released Hallen from liability, the effect would be to release Palmer.

Hallen insists that the statements in the letter and the acceptance of the money paid for the hay constituted a ratification of the unauthorized act of shipping the hay, and released him from any further liability, and Palmer asserts that the release of Hallen ended his liability. As to these contentions plaintiff replies that at the trial the introduction of the letter and receipt tending to prove a settlement, was objected to as incompetent, irrelevant, and immaterial under the pleadings, and that it was error to admit them in evidence. In neither answer is there any plea of payment, settlement, accord and satisfaction, ratification, or estoppel. We have repeatedly decided that such defenses, are not admissible under a general denial. The pleas of settlement and ratification are affirmative defenses, the burden of which are upon defendant, and they must be pleaded. The question whether Hallen had been released from liability by the terms of the letter and the acceptance of the money was not an issue in the case. The trial court erred in the admission of this evidence. Were it not for this defense, Hallen would be liable for the reasonable value of the hay at the time it was shipped, since

it was left in his custody, and it was inadvertently converted by him by a mistake of his agent. Plaintiff had no information as to this defense from the pleadings and could not anticipate it. The error, therefore, prejudicially affected a substantial right of plaintiff. The judgment must be reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.