PARKER v. BALDWIN.

1. BILLS AND NOTES—PROMISSORY NOTES—DEFINITION—NEGOTIABLE INSTRUMENTS—WORDS AND PHRASES.

A promissory note may be defined to be a written unconditional promise by one person to pay to another person therein named, or order, a fixed sum of money, at all events, and at a time specified.

2. SAME—CONTRACTS.

An instrument in writing obligating the payor to pay a certain sum of money or deliver a certain number of bushels of potatoes as payment, on or before 90 days, was a contract between the parties for the payment of money or the delivery of a quantity of potatoes, at the option of the payor, and was not a promissory note.

3. TRIAL—QUESTION OF FACT—DIRECTED VERDICT.

Where a question of fact was involved, the trial court properly refused to direct a verdict for plaintiff at the close of his case.

4. SAME—THEORY OF CASE—INSTRUCTIONS.

Where the instrument involved in the action was not a promissory note but a contract, and was so treated upon the trial, on the theory that plaintiff had the burden of showing a breach of it by the defendant, and the

plea was the general issue only, the trial judge was not in error in failing to instruct the jury that plaintiff had declared on a promissory note and defendant had pleaded the general issue and given notice of a special defense, thus shifting the burden of proof to defendant, especially where there was no request to so charge.

5. SAME—BREACH OF CONTRACT—BURDEN OF PROOF—INSTRUCTIONS.
    Where the case was tried by plaintiff upon the theory that defendant had breached the contract, and was therefore indebted to plaintiff, the trial judge properly instructed the jury that the burden was upon the plaintiff to prove his case by a preponderance of evidence.

6. SAME—BURDEN OF PROOF—AFFIRMATIVE DEFENSES.
    Where plaintiff assumed the burden of proving non-payment, he could not invoke Circuit Court Rule No. 23 as to affirmative defenses.

Error to Crawford; Smith (Guy E.), J.   Submitted October 12, 1921. (Docket No. 97.)   Decided December 21, 1921.

Assumpsit in justice's court by George W. Parker against Ray Baldwin for the amount of a note.   There was judgment for defendant, and plaintiff appealed to the circuit court.   Judgment for defendant.   Plaintiff brings error.   Affirmed.

*J. J. Tweddle,* for appellant.

*George L. Alexander,* for appellee.

STONE, J.   The plaintiff has brought this case here by writ of error to review a judgment for the defendant of no cause of action.   The case originated in justice's court.   The declaration was on all of the common counts in assumpsit, and upon the following instrument which was filed with the justice:

"Kingsley Mich., August 31, 1918.
"$161.30.
"On or before ninety days without grace after date, for value received I promise to pay to the order of

George W. Parker one hundred and sixty-one and thirty one-hundredths dollars with interest at the rate of seven per cent. per annum, payable annually. And for the purpose of securing the payment of said sum I do hereby sell and mortgage unto the said George W. Parker the following property now in my possession and situated in the township of Paradise, county of Grand Traverse, State of Michigan, and free from all incumbrances, to-wit: One hundred fifty bushels of potatoes. Said first party has the option to deliver one hundred fifty bushels of assorted potatoes or pay the note in full. And it is hereby agreed that if default is made in the payment of said note or any part thereof or if any attempt be made to remove or dispose of said property or if the said party of the second part shall at any time deem himself insecure from any cause, then said George W. Parker or their agents are hereby authorized to take possession of said goods and chattels and sell the same at public vendue or private sale at once and whatever money arising from such sale to retain a sufficient amount to cover debt with costs and all charges. The undersigned hereby agree to pay any deficiency. And I hereby certify that the consideration named was actual and adequate.

"Ray Baldwin."

In so far as this instrument is concerned, the plea was the general issue only. The case involves questions of practice and as to which party had the burden of proof at the trial. It will clear the atmosphere somewhat if we determine the nature of this instrument. Counsel call it a "promissory note," and a "mortgage note." That it is not a promissory note seems very clear to us. A promissory note may be defined to be a written unconditional promise by one person to pay to another person therein named, or order, a fixed sum of money, at all events, and at a time specified. No contract or agreement is a promissory note which does not provide for the payment of money, absolutely and unconditionally. See definition of a promissory note in our negotiable instruments act

(2 Comp. Laws 1915, § 6225).   By the terms of this agreement, the defendant had the option to deliver 150 bushels of assorted potatoes, or pay the note in full. This instrument was thus made a contract between the parties for the payment of money, or the delivery of a quantity of potatoes, at the option of the defendant.

An examination of the record shows that, although the instrument was by court and counsel frequently called a promissory note, yet the case was tried upon the theory that the paper was a contract, and that plaintiff had the burden of showing a breach of it by the defendant.   The plaintiff first called the defendant for cross-examination under the statute, and not content with proving defendant's signature to the paper and then resting his case, he sought to show by him that he had never performed the terms of the contract by the payment of money or the delivery of potatoes.   The defendant claiming that he had delivered potatoes in satisfaction and performance of the contract, and which were accepted by plaintiff, the plaintiff then was sworn and testified to the contrary.   There was testimony pro and con upon this question.   At the close of plaintiff's case he asked for a directed verdict in his favor, which was denied, the court saying:

"I don't think I can say, as a matter of law, that Mr. Parker didn't accept the potatoes, or that he did accept them."

The defense then put in its testimony, including testimony of the bad reputation of plaintiff for truth and veracity.

In submitting the case to the jury the trial court stated that the only question for them to determine was the single question of the delivery or non-delivery of the potatoes, it being conceded that no money had been paid.   The claims and positions of the parties

were then fully and fairly stated to the jury. Among other things the court said:

"If you believe that the defendant, at the time he made this visit to the plaintiff's home, offered the plaintiff those potatoes in full satisfaction of this obligation, and that plaintiff then and there accepted them in full satisfaction of this obligation, then of course your verdict would be one in favor of the defendant, no cause of action.

"If you should find that the plaintiff did not at that time accept those potatoes in full satisfaction, then your verdict would be one against the defendant."

The court concluded its charge as follows:

"The defendant has handed up a request which I read to you. I have covered it, but I read it to you as stating the law as it is.

"'In this case the burden is upon the plaintiff to prove his case by a preponderance of evidence. And if after carefully considering all of the evidence given herein by both sides, you are unable to say whether the plaintiff or the defendant is right in his contention, the plaintiff has not proven his case by a preponderance of evidence. And your verdict should be one for the defendant.'

"That is a request of counsel and I think it states the law."

The plaintiff assigned error as follows:

1. That the court erred in denying plaintiff's motion to direct a verdict in his favor. We do not think that the court erred here. It is very seldom that the court is justified in directing a verdict for a plaintiff at the close of his case. Here a question of fact was involved, and the defendant had a right to be heard in his defense.

2. The second assignment of error is to the effect that the court erred because it did not instruct the jury that plaintiff had declared on a promissory note, and defendant had pleaded the general issue, and given notice under said plea that he would prove and

insist in his defense that said note was paid and satisfied, and, therefore, the burden of proof had shifted to defendant, and that in order for the defendant to prevail he must establish by a preponderance of the evidence that said note was satisfied and paid in potatoes. Not only was there no request to so charge, but appellant is mistaken as to the state of the pleadings. There was no such notice as therein stated, the plea was the general issue only, and no question or objection was raised at the trial but that it was the duty of the plaintiff to show a breach of the contract by the defendant.

3. Did the court err in giving defendant's request to charge as above set forth? We think not. The case had been tried by the plaintiff upon the theory that the defendant had breached the contract, and was therefore indebted to the plaintiff, and upon the whole record it was proper to charge the jury that "the burden was upon the plaintiff to prove his case by a preponderance of evidence." By the plea, and the manner in which the case was tried, the jury were called upon, under proper instructions, to pass upon the plaintiff's cause of action; and to hear, try and determine the matters set forth in the declaration, which was that the defendant was indebted to him as therein set forth. The general issue puts in issue everything necessary to be shown by the plaintiff to make out his case. *Kinnie* v. *Owen*, 1 Mich. 249. See, also, the many cases cited by the compiler in note to section 12463, 3 Comp. Laws 1915. Where plaintiff, as in this case, assumes the burden of proving nonpayment, he cannot invoke Circuit Court Rule No. 23 as to affirmative defenses.

We find no reversible error in the record, and the judgment of the circuit court is affirmed.

STEERE, C. J., and MOORE, WIEST, FELLOWS, CLARK, BIRD, and SHARPE, JJ., concurred.