BRENTON BROS. & LEACH, Appellant, v. L. H. HILL, Appellee.

**PLEADING:** **Matters Specially Pleadable—Nonpayment.** Nonpayment should be pleaded by plaintiff in an action on contract when the gist of his action is a failure to pay according to the contract.

*Appeal from Dallas District Court.*—H. S. DUGAN, Judge.

### FEBRUARY 5, 1924.

This is an action at law to recover an alleged balance of the purchase price of certain bonds. Verdict and judgment for the defendant. Plaintiff appeals.—*Affirmed.*

*White & Clarke,* for appellant.

*E. W. Dingwell,* for appellee.

VERMILION, J.—The petition alleged that the plaintiff, a copartnership engaged in the banking business, sold and delivered to the defendant certain Liberty bonds to the amount of $700; that defendant on the date of the sale paid to plaintiff on account of such purchase the sum of $70; and that "there

remains due plaintiff on account of said purchase of bonds the sum $630,'' for which sum, with interest, plaintiff demands judgment. The answer was a general denial.

The testimony on behalf of plaintiff showed the purchase of bonds to the amount of $650, and this is not disputed by the defendant. The only dispute is whether, at the time of the purchase, the defendant gave to plaintiff a check for $65, in payment of 10 per cent of the amount of the purchase, as contended by plaintiff, or a check for $650 in full payment, as claimed by defendant. This was the only question submitted to the jury.

But two questions are presented on appeal: (1) Did the court err in submitting the question of payment to the jury, in the absence of a plea of payment in the answer; and (2) is the verdict supported by sufficient evidence?

When, if at all, the claim of payment may be made and evidence supporting it admitted under a general denial, is a question that has not, under all circumstances, been free from uncertainty. While the question has not arisen as frequently as might be expected from the great number of cases where payment is relied on as a defense, this is in a large measure due, no doubt, to the fact that, where reliance is put upon payment to defeat a demand, practical considerations afford a strong inducement to avoid any possible question of the right to do so, by pleading it. It appears to have been the accepted practice in this state to present the issue by an affirmative plea, even in cases where it has been held that it was unnecessary to do so. The precise question has not, save in one or two cases, been squarely presented to this court, so far as we have been able to discover, although it has been several times discussed.

The general issue at common law was broader in respect to what might be shown under it than is the general denial of code pleading; and a great variety of defenses were then admitted that cannot be introduced under the latter.

Section 3629 of the Code provides that any defense showing matter of justification, excuse, discharge, or release, and any defense which admits the facts of the adverse pleading, but by some other matter seeks to avoid their legal effect, must be specially pleaded. It is well settled, we think, that, as a general rule, payment must be affirmatively pleaded, to be available

as a defense, especially under statutes similar to ours. *Jamison v. Auxier*, 145 Iowa 654; *Tedrow v. Johnson*, 167 Iowa 513; *Delana v. Voss* (Iowa), 114 N. W. 1076 (not officially reported); *Hubler v. Pullen*, 9 Ind. 273 (68 Am. Dec. 620); *State v. Peterson*, 142 Mo. 526 (40 S. W. 1094); *Barker v. Wheeler*, 62 Neb. 150 (87 N. W. 20); *Cady v. South Omaha National Bank*, 46 Neb. 756 (65 N. W. 906); *Ashland L. & L. S. Co. v. May*, 51 Neb. 474 (71 N. W. 67); *Farnham v. Murch*, 36 Minn. 328 (31 N. W. 453); *McKyring v. Bull*, 16 N. Y. 297; *Omaha Alf. Mill. Co. v. Hallen*, 105 Neb. 193 (179 N. W. 1010); *Baldwin v. Clock*, 68 Mich. 201 (35 N. W. 904); *Doolittle v. Gavagan*, 74 Mich. 11 (41 N. W. 846); *Marx v. Marx*, 132 Wis. 113 (111 N. W. 1103); 30 Cyc. 1262.

It has been recognized, however, that every fact which it is necessary for a plaintiff to allege and prove in order to sustain his action may be met and controverted under a general denial, and that it is only other matters which do not go to controvert such a fact that must be set up in the answer. This principle has been applied to contracts to pay money, where the failure to pay is the breach relied upon to entitle plaintiff to a recovery. The true rule is said to be that plaintiff should prove, not nonpayment generally, but nonpayment when due or at maturity, or, in other words, a breach of the contract. It is not necessary for him, generally speaking, to allege more than this. In such a situation, payment when due, or at maturity, or before a breach, is not in any sense new matter, under a general denial; but payment after a breach is new matter, which must be pleaded. 16 Encyc. of Pleading & Practice 179; 1 Van Santvoord's Pleadings (2d Ed.) 407; Bliss on Code Pleading, Section 358. This doctrine has been recognized by the courts of other states. 30 Cyc. 1262; *Wheeler v. Billings*, 38 N. Y. 263; *Greenfield v. Massachusetts Mut. L. Ins. Co.*, 47 N. Y. 430; *Wheeler & W. Mfg. Co. v. Tinsley*, 75 Mo. 75; *Kersey v. Garton*, 77 Mo. 645; *State v. Peterson*, supra; *Conkling v. Weatherwax*, 181 N. Y. 258 (73 N. E. 1028); *Knapp v. Roche*, 94 N. Y. 329; *Lent v. New York & M. R. Co.*, 130 N. Y. 504 (29 N. E. 988); *Parker v. Baldwin*, 216 Mich. 472 (185 N. W. 746).

Some of the earlier cases in this state seem to be in conflict

with the general rule. *Sinnamon v. Melbourn,* 4 G. Greene 309. It is there said:

"This court has decided that payment may be given in evidence, in actions upon contract, under the general denial of indebtedness."

This case was decided prior to the enactment of Section 2942 of the Revision of 1860, which is substantially the same as Section 3629 of the present Code. In *Stacy & Thomas v. Stichton & Co.,* 9 Iowa 399, and *Poweshiek County v. Mickel,* 10 Iowa 76, it was held that payment was not an affirmative defense in the sense that a reply was required.

In the case of *Garretson v. Bitzer,* 57 Iowa 469, the plaintiff sued to recover a balance due upon the purchase price of property purchased by the defendant. The answer denied any indebtedness on account of the sale, and averred that the sale was upon different terms and upon a different consideration, which had been paid. The case was tried to the court, which held that the burden of proof was upon plaintiff, and that he had failed to establish the facts essential to his recovery by a preponderance of the evidence. This court disposed of the matter by saying, in substance, that the defendant did not admit the contract as set up by plaintiff, or that the amount claimed was due, but set up the agreement as he understood it, and that he had complied with it; and that it was not incumbent on defendant, in order to defeat plaintiff's claim, to prove this agreement and a compliance with it; that the substantial issue was whether there was the amount claimed due plaintiff on the contract of purchase, as alleged by plaintiff and denied by defendant; that the plaintiff could not recover without proving some amount due; and that the burden of proof was upon him to so establish.

*Howerton v. Augustine,* 139 Iowa 389, was an action to recover damages for fraudulent representations in an exchange of real property. A directed verdict for defendant was sought to be sustained on the ground that plaintiff had not alleged or proved that the damages were due and unpaid. It was said that there was no rule of pleading in actions for tort requiring plaintiff to allege and affirmatively prove in the first instance that

the damages had not been paid. The court, speaking by Chief Justice McClain, said further:

"In actions for breach of contract for the payment of a specified sum of money, nonpayment constitutes the very breach of the contract sued for, and without allegation of nonpayment plaintiff does not in such cases show a cause of action. Therefore, it has generally been held that, in such a case, nonpayment, being specifically alleged, may be controverted under a general denial."

Both the *Poweshiek County* and the *Garretson* case, supra, are cited in support of the statement; and it was held that, in action for tort, the action was fully stated when plaintiff alleged the wrong, and resulting damages, and that any subsequent payment of the damages was an affirmative defense, to be pleaded and proved by the defendant (citing Code Section 3629).

*Harrod v. Wineman,* 146 Iowa 718, was an action to recover damages for a breach of defendant's contract to furnish plaintiff employment. A demurrer to the petition was sustained, one ground of which was that the petition failed to allege nonpayment of the sum demanded. Upon this question it was said, upon the authority of the *Howerton* case, supra, that, where the action was based upon contract, and nonpayment constituted the very breach for which a recovery was demanded, the petition must allege the nonpayment, in order to state a cause of action. But it was held that, since the breach of contract was not the failure to pay wages earned, but the wrongful discharge of plaintiff, and the recovery demanded was not wages, but damages caused by such discharge, the rule had no application.

*Baldwin & Co. v. Moser,* 155 Iowa 410, was an action to recover the price of certain pianos sold to the defendant. The answer admitted the purchase, and pleaded payment and a counterclaim. There was a directed verdict for plaintiff. The court said:

"* * * There is an entire absence of evidence that the claim is due and unpaid; or, if anything is due and unpaid, there is no proof of the amount or balance for which recovery should be had. That the burden of making such showing by evidence tending to prove that something is due * * * is on the plaintiff, and that,

failing so to do, there can be no recovery, even though the defendant has alleged payment of the claim and failed to offer any evidence thereof, is a well established rule in this state.''

The *Baldwin* case is cited in *Mohler v. Guest Piano Co.*, 186 Iowa 161, upon the proposition that plaintiff must establish that something was due and unpaid upon his claim.

*In Carlsten-Williams Co. v. Marshall Oil Co.*, 187 Iowa 80, 81, where plaintiff sued for the price of goods sold, alleging the amount due and unpaid and that there were no credits, counterclaims, or set-offs to which defendant was entitled, and the defendant claimed certain deductions from the purchase price on account of freight paid, it was held that the burden was on plaintiff to establish that the original purchase price was due and that defendant was entitled to no set-offs or credits.

This court is firmly committed to the rule that, in actions upon contract where the breach relied upon for a recovery is a failure to pay according to the terms of the contract, and nonpayment is alleged, the burden is upon plaintiff to establish such nonpayment, even though the defendant has pleaded payment. It necessarily follows that, in such a case, the defendant may, under a general denial, and in the absence of a plea of payment on his part, controvert the allegation of nonpayment by showing payment, at least at or before maturity. This is nothing more than disproving plaintiff's allegation of a breach. It is not, under the statute, a defense which admits the facts set up in the petition but by some other or new matter seeks to avoid their legal effect, but is merely contesting by proof an allegation of the petition which plaintiff must sustain before he can recover. This is especially true when the evidence tending to show payment relates to the time of the claimed inception of the debt,— it goes to the very existence of the debt.

The doctrine announced is peculiarly applicable to the facts of this case. The plaintiff sued for the balance alleged to be unpaid of the purchase price of the bonds. To recover, it must establish the fact of an unpaid balance, or a breach of defendant's contract to pay. The defendant had a right to meet this allegation and proof by a denial, and by proof that the bonds were paid for at the time of the purchase and that there was no breach of the contract to pay,—no debt.

The testimony is in sharp conflict as to the amount actually paid at the time the bonds were purchased. The plaintiff's case rests upon the testimony of one witness as to the transaction. He is corroborated to some extent by various circumstances. The defendant testified positively to the giving of the $650 check, and is corroborated by his wife, who was present at the time. His explanation of the failure to produce the canceled check or any record of it is not very satisfactory. On the other hand, it is admitted that the plaintiff made no claim for a balance due on the purchase of the bonds for nearly two and a half years, the explanation offered being that the fact was not sooner discovered in the bank. The burden was on plaintiff, as we have seen, to establish the existence of the claimed debt,— the failure to pay. The court's instructions erroneously required the defendant to establish the fact of payment by a preponderance of the evidence. Notwithstanding this, the jury found that the bonds had been paid for. We cannot say that the verdict is without substantial support in the evidence.

The judgment is affirmed.—*Affirmed.*

ARTHUR, C. J., STEVENS and DE GRAFF, JJ., concur.