WHELPLEY v. STOUGHTON.

1. MARRIED WOMEN—PROMISSORY NOTES—CONSIDERATION.

A note executed by a married woman for the surrender of a note of the same amount against her husband, and to prevent the payee therein from attempting to collect the same by attacking a transfer to her by her husband of all his property on the claim that such transfer was voluntary and in fraud of creditors, is supported by a sufficient consideration to make it binding on her separate estate.

2. SAME—EVIDENCE—QUESTION FOR JURY.

In an action on a promissory note, wherein defendant, a married woman, introduced no evidence, plaintiff's testimony that he originally held the husband's note for the same amount, that the latter transferred to the defendant all of his property, that defendant thereupon promised, in consideration of plaintiff's forbearing to attack the transfer as fraudulent, to pay the debt, that a new note was then executed by the defendant and her husband, and that such note had been kept alive by renewals for 19 years, was sufficient to go to the jury upon the question as to whether defendant's promise was in fact made upon such consideration, though the husband testified that there was some consideration for the transfer to his wife.

3. SAME—ADMISSIONS OF HUSBAND.

Admissions by the husband, not brought home to the wife, relative to his purpose in transferring to her his property, were properly excluded. *Wright* v. *Towle*, 67 Mich. 255, followed.

Error to Van Buren; Buck, J. Submitted April 7, 1897. Decided May 11, 1897.

*Assumpsit* by Henry Whelpley against Clarissa S. Stoughton on a promissory note. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Reversed.

*T. J. Cavanaugh*, for appellant.

*Lincoln H. Titus*, for appellee.

HOOKER, J.  The principal legal question in this case is whether a married woman's note is supported by a sufficient consideration to make it binding upon her separate property where it is given for the surrender of, and to prevent the payee from attempting to collect, a note of the same amount against the husband, by attacking the validity of the transfer by said husband to the wife of all his property, including a farm worth about $8,000, upon the claim that such transfer was voluntary and in fraud of his creditors. Many decisions of this court support the proposition that the executory contract of a married woman is not binding upon her, unless made upon a consideration involving or relating to her separate estate. As to this she may contract, even to the extent of giving a mortgage for her husband's debt. The record shows that the defendant had title, by deed from her husband, to valuable property. This deed was given at a time when the plaintiff held a promissory note against him. It is asserted that the husband, at the time of giving these deeds, conveyed to the defendant all of his property subject to execution. If, as contended, this was a voluntary conveyance, such property (although defendant's separate property, under a deed valid as against the husband) was subject to the plaintiff's claim in a court of equity. And this is true if the consideration was nominal, or so grossly inadequate as to warrant the conclusion that the conveyance was fraudulent as against creditors. If, under these circumstances, and to relieve herself from an attack upon the property conveyed, she saw fit to promise to pay the husband's debt, to relieve what had become her separate property from liability, it was a contract in relation to her own property, and valid.

It is said that the evidence does not show that this was the situation, but clearly shows the contrary. The plaintiff produced testimony tending to show that he learned that the defendant's husband had conveyed all of his property to his wife, and deeds of premises said to be worth $8,000 were introduced. Plaintiff at once charged

defendant and her husband with this, and threatened (in substance) to attack the transfer; and the defendant asked that he would not distress her, and said that, if he would not, she would pay the debt. Thereupon a new note was given by her and her husband. This was about 19 years ago, and the debt has been kept alive by renewals, and the defendant has been undisturbed in her claim to the property. No testimony was offered by the defendant. Her husband was called as a witness for the plaintiff, and admitted the conveyance of his real and personal property to his wife, the latter upon an alleged consideration of $200. He stated that she paid some consideration for the land, but what does not appear. We think this raised a question for the jury, who should have been permitted to determine whether the note was given to prevent a threatened attack upon her separate property.

The offered admissions of the husband, not being brought home to the defendant, were properly excluded. See *Wright* v. *Towle*, 67 Mich. 255.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.