WHELPLEY v. STOUGHTON.

1. WITNESSES—HUSBAND AND WIFE—RETRIAL.
   The fact that a wife, on the trial of an action against her, permitted her husband to be sworn as a witness for plaintiff, does not, where the witness dies pending a retrial, render his former testimony admissible over the wife's objection.

2. FRAUDULENT CONVEYANCES—BURDEN OF PROOF.
   Act No. 99, Pub. Acts 1897, changing the rules of evidence by placing upon the defendant in a bill in aid of execution the burden of showing the good faith of the conveyance complained of, has no application in an action upon a note alleged to have been executed by a married woman in settlement of the payee's right to proceed against property claimed to have been fraudulently conveyed to her by her husband.

Error to Van Buren; Buck, J.   Submitted January 3, 1899.   Decided February 6, 1899.

*Assumpsit* by Henry Whelpley against Clarissa S. Stoughton on a promissory note.   From a judgment for defendant, plaintiff brings error.   Affirmed.

*T. J. Cavanaugh*, for appellant.

*Lincoln H. Titus*, for appellee.

MOORE, J.   This case has been in this court before, and is reported in 112 Mich. 594.   On the second trial it was the claim of the plaintiff that James Stoughton, the husband of defendant, was indebted to plaintiff, and, while so indebted, he conveyed his real estate, for an inadequate consideration, to his wife, the defendant; that plaintiff had an interview with Mr. and Mrs. Stoughton, in which he notified them that he should take proceedings to collect his debt; and that, to avoid having the plaintiff take proceedings attacking the validity of the conveyance, Mrs. Stoughton gave her notes for the amount of the indebtedness.   This suit is brought upon one of those notes. It was claimed by defendant that the conveyance of the real estate to her by her husband was for a full and adequate consideration.   She denied that the notes were given to prevent plaintiff from commencing proceedings to set aside the conveyance, or that he threatened to do so. She says she objected to giving her note, but was importuned by her husband and the plaintiff to do so, the plaintiff promising never to make her any trouble; and that the only consideration for the notes was the past-due debt of her husband.   Each of the parties to the litigation gave testimony tending to support their respective theories. The case was submitted to the jury, who found a verdict in favor of the defendant.

Upon the first trial, Mr. Stoughton was sworn as a witness on the part of the plaintiff.   Before the second trial, Mr. Stoughton died.   His evidence given on the first trial

was offered by the plaintiff. It was objected to upon the ground that the husband could not testify against the wife without her consent. The objection was sustained, and it is said this is error. Section 7546, 3 How Stat., provides: "A husband shall not be examined as a witness for or against his wife without her consent," except in certain cases. This case is not one of the exceptions.

The circuit judge charged the jury that, as plaintiff claimed the conveyance of the property was fraudulent, the burden of proof was upon him to show it was fraudulent. It is claimed this was error, for the reason the legislature has seen fit to shift the burden by enacting Act No. 99, Pub. Acts 1897. A reading of this law shows it applies only in cases where a judgment has been obtained against the principal defendant, and execution issued, and a levy made upon the property which it is claimed was fraudulently conveyed. The principle is elementary that fraud is not presumed, and the burden of proving it is on the party alleging it.

It is claimed the trial judge in his charge indicated his opinion of the merits of the controversy, and might as well have directed the verdict. There is no foundation for this claim, except by isolating a portion of the charge from the rest of it. The requests to charge were numerous, and the charge itself was a long one, but it fairly and fully presented the questions involved to the jury. The charge is too long to reproduce here. The jury were told what was claimed by the respective parties, and then the court charged them:

"Now, it is claimed on behalf of the defendant that this note is void, as being given to pay the debt of her husband or to secure it. It is, however, a rule of law, gentlemen, that a wife may give a note in relation to her own separate estate and property, either to protect it or to add to it, or for any other purpose; and the plaintiff claims in this case that this note comes under that designation, and is one of the exceptions to the rule that has been given, that the note of a wife given to secure or pay the husband's debt is void. A wife may always contract

with reference to her separate property, and give notes, either with her husband or without him, with reference to it, in order to protect it, or, as I said, to add to it, or for any other purpose concerning it.

"Now, the plaintiff claims that the transfer of the real estate and personal property from James W. Stoughton to the defendant in this case was void as against creditors; that it was made with the intent to hinder, delay, cheat, or defraud the creditors of James W. Stoughton of their just rights; that the property was conveyed for a consideration so grossly inadequate that a jury would be authorized to find that it was made in fraud of creditors; and that, that being the case, he, the plaintiff, went to the defendant, and asked her to give her note for her husband's debt, threatening that, if she did not do so, in effect, that he should take steps to secure it in some way. You will remember what his language was, as testified to by himself. And he further claims that the defendant, in order to protect her property,—to keep him from getting a judgment against James W. Stoughton, and then levying upon this property, and subjecting it to his claims, as being conveyed to keep it from creditors,—that she, in order to avoid this, gave him the note in question. This the defendant denies. She claims, in the first place, that no threat of any kind was used by the plaintiff at that time; that she signed the note, with her husband as security, for or in payment of his former debt, on account of the solicitation of her husband and the plaintiff. Now, if you find the facts to be as testified to by the plaintiff, then the plaintiff is entitled to your verdict. If, on the other hand, you find the facts to be as defendant claims them to be, then she is entitled to your verdict. And the burden of proof is on the plaintiff to establish every one of the elements of his case by a fair preponderance of the evidence. If it does not preponderate as to all the elements in the case, then you should find for the defendant."

The plaintiff has no occasion to complain of the charge as given.

The other assignments of error have been considered, but will not be discussed.

Judgment is affirmed.

The other Justices concurred.