FITZGERALD *v.* HARRY I. GARSON PRODUCTIONS.

1. WITNESSES—HUSBAND AND WIFE—WIFE MAY WAIVE BENEFIT OF STATUTE THROUGH ATTORNEY.

   A married woman, through her attorney of record, may waive the benefit of the statute (3 Comp. Laws 1915, § 12555) forbidding a husband from being "examined as a witness for or against his wife without her consent," in an action in which she is a defendant.

2. MARRIED WOMEN — MARRIED WOMAN NOT LIABLE AS SURETY FOR CORPORATION—SEPARATE ESTATE.

   An obligation incurred by a married woman as surety for a corporation in which she was a stockholder is not binding upon her, since it was not incurred for the sole benefit of her separate estate within the meaning of 3 Comp. Laws 1915, § 11485, removing her disability to contract with reference thereto.

Error to Wayne; Williams (Benjamin), J., presiding. Submitted October 31, 1922. (Docket No. 109.) Decided December 5, 1922.

Assumpsit by August Fitzgerald against Harry I. Garson Productions, Martha L. Garson and others upon certain promissory notes. Judgment for plaintiff on a directed verdict, except as to defendant Martha L. Garson, a married woman, for whom a verdict was directed. Plaintiff brings error. Affirmed.

*William J. Griffin,* for appellant.

*Robert M. Brownson,* for appellee, Martha L. Garson.

SHARPE, J. The plaintiff sued upon two promissory notes executed by the defendant corporation and indorsed by the individual defendants. A verdict was

directed against the defendants except Martha L. Garson, and directed in her favor.    Plaintiff reviews the judgment as to her by writ of error.

1. The plaintiff introduced the notes sued on and rested.    Counsel for Martha L. Garson then offered in evidence a deposition of her husband, Harry I. Garson, taken in California.    In it he testified that he and Martha L. Garson were married on January 25, 1904, and that they have since that time been husband and wife.    Plaintiff insists that this testimony was incompetent under the statute which forbids a husband from being "examined as a witness for or against his wife without her consent."    3 Comp. Laws 1915, § 12555.    When objection was made, counsel for Mrs. Garson stated to the court:

"I appear as attorney of record in this case for Martha L. Garson—I have authority and the only way she can speak in this case is through me.    I have full authority to make that waiver.    The waiver is very explicit in every way, and for her to make it, she has got to speak through her attorney."

Mrs. Garson was not present at the trial.    We think her consent could be expressed by her counsel.    The authority of an attorney is discussed in 6 C. J. p. 637. It is there said:

"Whatever is done in the progress of the cause by such attorney is considered as done by the party, and is binding upon him, even where the attorney is employed only to conduct the trial."

*Hubbell* v. *Grant,* 39 Mich. 641, is not controlling. It was there held that consent on the part of the wife may not be implied by her silence.    Here the consent was expressly given by her attorney of record and the husband was called as a witness on her behalf.

2. When the defense rested, counsel for plaintiff offered to prove that at the times the notes, of which those sued on were renewals, were given Mrs. Garson

was one of the original incorporators of the defendant corporation, assisting in its management and drawing a salary therefrom; that she was the owner of substantially all the stock of the Broadway Strand Theater Company and the Broadway Feature Film Company, and was an active officer in each of those companies; that the film company was organized for the purpose of obtaining lease rights of films and pictures; that the theater company was organized for the purpose of conducting a moving picture theater; that contract relations existed between all these corporations and that the original loan was made to enable the defendant corporation to carry out its contracts with the other corporations and inured to the benefit of Mrs. Garson as a large stockholder therein. This offer was refused, the court holding that such proof would but tend to establish the fact that her obligation was that of a surety and such an obligation is not binding upon a married woman unless it be for the sole benefit of her separate estate.

The law of this State on this question is, we think, well settled.    In the early case of *Russel* v. *Savings Bank*, 39 Mich. 671 (33 Am. Rep. 444), an effort was made to hold a married woman liable as indorser on a note given by a corporation in which she was a stockholder.    Attention was called to the statute (3 Comp. Laws 1915, § 11485) which removed her disability to contract with reference to her own property. After considering the nature of a contract of suretyship, the court said:

"But it is said that in this case the suretyship was for the benefit of a corporation in which Mrs. Russel was a stockholder, and therefore she must be supposed to have had in view in making it her own interest in the corporation.    Mrs. Russel, however, was not identified with the corporation otherwise than as having an interest in it; the legal identity of each was distinct, and contracts for the benefit of the corporate

estate were in no sense contracts for the benefit of the estate of one of its corporators. *Talbot* v. *Scripps,* 31 Mich. 268. It is true that if it resulted advantageously, it might eventually bring incidental benefit to the stockholders, but on the other hand it might also bring incidental injury; and whether beneficial or injurious, the result would have been indirect and circuitous, following not directly a contract made on her own behalf, but remotely a contract made on behalf of another.

"It is not enough that such possible indirect benefits are looked for, in a contract of suretyship, for these may be in view in many cases, and especially when the wife becomes surety for the husband. The test of competency to make the contract is to be found in this: that it does or does not deal with the woman's individual estate; possible incidental benefits cannot support it."

See, also, *Caldwell* v. *Jones,* 115 Mich. 129; *Detroit Chamber of Commerce* v. *Goodman,* 110 Mich. 498 (35 L. R. A. 96). Plaintiff's counsel relies on *Alpin* v. *Wade,* 89 Ark. 354 (116 S. W. 667), in which it is held:

"Therefore, when she signs a note as surety for the corporation in which she has purchased stock on her own account with funds of her separate estate, she becomes liable, in case of default of the corporation, for the debt which she has made her own."

In view of our decisions, we are unwilling to follow this holding. Married women are now so frequently engaged in partnership and corporate business ventures that it may be desirable to further remove the disability created by the common law, but such action must be taken by the legislature and not by the courts.

The judgment is affirmed.

FELLOWS, C. J., and WIEST, MCDONALD, CLARK, BIRD, and STEERE, JJ., concurred. MOORE, J., did not sit.