KIRBY *v.* ORLOFF.

HUSBAND AND WIFE—MARRIED WOMAN NOT LIABLE FOR NOTES GIVEN FOR DEBT OF CORPORATION IN WHICH SHE WAS PRINCIPAL STOCKHOLDER.

Notes given by a married woman to pay the debt of a corporation of which she was the secretary-treasurer and in which she was the principal stockholder were not given

with reference to her separate estate, and therefore she may not be held liable thereon, although she may have been indirectly benefited as a stockholder.

Error to Wayne; Mayne (Frederick W.), J., presiding. Submitted January 11, 1924. (Docket No. 56.) Decided March 5, 1924.

Assumpsit by Edward G. Kirby, receiver of the Gramm-Bernstein Motor Truck Company, against Julia Stott Orloff on a promissory note. Judgment for defendant. Plaintiff brings error. Affirmed.

*Cornelius, Doland & Boggio* (*Bernard A. Boggio,* of counsel), for appellant.

*Robert M. Brownson* and *Joseph A. Payne,* for appellee.

MCDONALD, J. The Gramm-Bernstein Motor Truck Company is a foreign corporation, having its place of business at Lima, Ohio. The defendant is a married woman and at the time she incurred the obligation, which is the basis of this suit, was secretary-treasurer of the Leonard B. Orloff Company of Detroit, Michigan. In May, 1920, the Leonard B. Orloff Company gave to the Gramm-Bernstein Motor Truck Company a check for $2,911.99 in payment of a motor truck. The bank on which the check was drawn refused to honor it. At the time the defendant was financially interested in the Leonard B. Orloff Company to a large extent. She had invested about $100,000 in stock and was its heaviest stockholder. In addition to her investment in its stock she had loaned the company $50,000. The president of the plaintiff corporation came to Detroit with his attorney and interviewed the defendant. There is some conflict in the testimony as to just what was said between them at this time, but the result was that, in settlement of

the protested check, she gave them another check of the Orloff Company for $1,000, and her personal note for $1,913.80, payable on or before May 27, 1921. When this note became due it was not paid, but the parties agreed that defendant should have a renewal by giving six other notes for smaller amounts. When these notes became due they were not paid, and separate suits were begun. The note involved in this suit is for $300.

At the conclusion of the proofs both parties moved for a directed verdict, the plaintiff claiming that the benefits accruing to the defendant by reason of the plaintiff forbearing to institute bankruptcy proceedings or sue upon the protested check were such as to constitute of the transaction a contract with reference to her separate estate; the defendant claiming that being a married woman and not dealing with her individual estate she was not liable on the notes given in payment of the company's debt. The circuit judge directed a verdict for the defendant. In this the plaintiff says he erred.

"There is no conflict of authority upon this question, that the contract of a married woman, to be enforced, must have relation to her separate estate." *Speier* v. *Opfer*, 73 Mich. 35 (2 L. R. A. 345, 16 Am. St. Rep. 556).

"The test of competency to make the contract is to be found in this: That it does or does not deal with the woman's individual estate. Possible incidental benefits cannot support it." *Russel* v. *Savings Bank*, 39 Mich. 671 (33 Am. Rep. 444).

In the present case the defendant's note was not given in relation to or for the benefit of her separate estate. It was the undertaking of a married woman to pay the debt of another. The fact that it was to pay the debt of a corporation in which she was the principal stockholder does not alter the character of her liability. Her legal identity as a stockholder is

distinct from that of the corporation.    The corporate property is not her separate estate.    When she contracted to pay the debts of the corporation she was not dealing with reference to her separate estate. Though she may have been indirectly benefited as a stockholder, she received no consideration affecting her individual estate.

"The statute does not intend to remove all the common-law liabilities resting upon married women. The design was to confer upon a wife the right to enjoy and dispose of her own property, and to acquire property, and the statute should not be extended by construction to cases not embraced in its language nor within its design."    *Detroit Chamber of Commerce* v. *Goodman,* 110 Mich. 498 (35 L. R. A. 96).

We think the reasoning of Mr. Justice SHARPE in *Fitzgerald* v. *Garson Productions,* 221 Mich. 88, though it involved a surety obligation, has direct application to the facts in the present case and is controlling of the issue.

In view of the statute and the construction placed upon it by the many decisions of this court, and in consideration of the undisputed facts, the circuit judge rightfully directed a verdict for the defendant.

The judgment is affirmed, with costs to the defendant.

CLARK, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.