INDUSTRIAL CO. v. WINTER.

1. GARNISHMENT—CERTIFICATES OF STOCK SUBJECT TO GARNISHMENT.
   Certificates of stock in corporation in hands of third party are subject to garnishment.

2. SAME—DISCLOSURE OF CLAIM BY THIRD PARTY.
   Disclosure by garnishee defendant that fund in his hands is claimed by third party does not in and of itself defeat jurisdiction.

3. SAME—PROCESS—NONRESIDENTS.
   Where affidavit for writ of garnishment alleges that principal defendant is nonresident, it is permissible to file summons the day it issues (3 Comp. Laws 1929, § 14885).

On stockholder's interest in corporation as subject to garnishment, see annotation in 18 L. R. A. (N. S.) 1158.

4. SAME—"DUMMY" CORPORATION—ESTOPPEL.
   Corporation which was created by principal defendant in order
   to color his personal transactions with corporate protection is
   estopped from claiming, in garnishment proceedings, that stock
   transferred to it by him and pledged as collateral to his per-
   sonal loan belongs to it.

Appeal from Kent; Brown (William B.), J.  Sub-
mitted October 23, 1931.  (Docket No. 196, Calendar
No. 35,887.)  Decided January 4, 1932.

Garnishment proceedings by the Industrial Com-
pany, a Michigan corporation, against H. A. Winter,
nonresident principal defendant, and William H.
Gilbert and another, garnishee defendants.  H. A.
Winter, Inc., was interpleaded as a third party
claimant.  From orders denying motions to quash by
principal defendant and third party claimant, they
appeal.  Affirmed.

*Knappen, Uhl, Bryant & Snow,* for plaintiff.

*Smith, Searl & Strawhecker,* for principal defend-
ant.

*Wicks, Fuller & Starr,* for third party claimant.

WIEST, J.  November 1, 1926, the Avon Invest-
ment Company, a Florida corporation, issued first
mortgage six per cent. serial gold bonds, secured
by a trust mortgage to the Michigan Trust Company
of Grand Rapids.  Defendant H. A. Winter, with
others, by a writing, guaranteed payment of the
bonds in the hands of holders, and, as evidence of his
financial worth, listed among his assets shares of
stock held by him in the Grand Rapids Bookcase &
Chair Company to the value of $20,000.  Plaintiff
company purchased the issue of bonds from the
trustee and brought this suit against Mr. Winter on

his guaranty. The suit was brought in the Kent circuit by summons, issued and filed the same day, under 3 Comp. Laws 1929, § 14885, Mr. Winter being a resident of the State of Florida. A writ of garnishment was issued, and the garnishee defendant disclosed that he held certificates of shares of stock in the Grand Rapids Bookcase & Chair Company, pledged as collateral to Mr. Winter's personal note, held by his client. An amended disclosure set up a sale of the stock, with payment of the note held by his client out of the proceeds, and a fund remaining in his hands but claimed by H. A. Winter, Inc., a Florida corporation. Thereupon H. A. Winter, Inc., was interpleaded and an issue framed as to its right to the fund. This issue was tried by the court, and it was determined that H. A. Winter, Inc., had no right to the fund. Attorneys representing the principal defendant appeared specially and moved to dismiss the suit on the ground that no jurisdiction had been acquired inasmuch as the writ of garnishment did not reach property or money of defendant, also that certificates of stock in the hands of a third person are not subject to garnishment.

This motion was denied, and review thereof is prosecuted by defendant H. A. Winter. Substituted service, under the statute (3 Comp. Laws 1929, § 14109), was made upon Mr. Winter. Certificates of stock in a corporation in the hands of a third party are subject to garnishment. *Old Second National Bank of Bay City* v. *Williams,* 112 Mich. 564. The disclosure by the garnishee of the claim made by H. A. Winter, Inc., did not in and of itself defeat jurisdiction. It was permissible to file the summons the day it issued. *Widrig* v. *Ernest Kouwen Hoven,* 248 Mich. 167.

The denial of the motion to quash is affirmed, with costs.

The claimant of the fund, held by the garnishee defendant, moved to quash the garnishment proceeding on the ground that the principal defendant had no interest in the shares of stock, and that the same belonged to the claimant. This motion was denied. We find no error in the denial.

Thereupon the H. A. Winter, Inc., third party claimant, filed a motion for an order framing an issue upon the question of ownership of the property and money mentioned in the disclosure of the garnishee defendant. Such an issue was framed, findings made by the court, and exceptions thereto filed by the third party claimant.

As before stated, the court found against the third party claimant, and that party prosecutes review by appeal.

Shares of stock in the bookcase company were originally issued to H. A. Winter, and it is now claimed that they were purchased with money belonging to Mrs. Winter, and taken in the name of Mr. Winter in order to benefit him in his business relations with the bookcase company. Later the certificates were surrendered and new certificates issued to H. A. Winter, Inc. H. A. Winter, Inc., appears to have been organized to enable Mr. Winter to carry on his personal business in its name; it consists of three members, Mr. Winter, Mrs. Winter, and Mr. Winter's attorney. The attorney is secretary and holds one share of stock.

One thousand shares of stock in the bookcase company were issued to Mr. Winter in 1911, 1913, 1915, and 1916, and in 1922, 2,000 shares, in lieu of the original stock, were issued to Mr. Winter. In September, 1927, Mr. Winter offered H. A. Winter, Inc., 2,000 shares of stock in the bookcase company, together with other property, in exchange for 245 shares of stock in the H. A. Winter, Inc. This was

accepted, and shares issued to H. A. Winter and his wife.

In March, 1929, Mr. Winter sent the note of H. A. Winter, Inc., payable to the order of the Industrial Bank at Grand Rapids, to that city and asked for a loan of $4,000. The bank declined the note, stating that it would accept the personal note of Mr. Winter, secured by 1,000 shares of the bookcase company stock, as collateral. Such a note was executed by Mr. Winter, and sent to the Industrial Bank at Grand Rapids, together with 1,000 shares of stock in the bookcase company, issued to H. A. Winter, Inc., and indorsed in blank, H. A. Winter, Inc., by H. A. Winter, Pres. The note, together with the collateral, was indorsed by the bank, without recourse to William H. Gilbert, for whom the garnishee defendant held the certificates at the time of the service of the writ of garnishment.

It is claimed by H. A. Winter, Inc., that the $4,000 borrowed from the Industrial Bank was for the corporation, and the money was received by the corporation, and that Mr. Winter's act in giving his personal note and pledging the certificates was in behalf of the corporation.

Mrs. Winter was but a figurehead in H. A. Winter, Inc.; and the attorney who held one share of stock and was secretary was not much better.

It was claimed at the hearing that Mrs. Winter attended corporate meetings, but of this she had no memory. It was claimed that her memory was bad, but she stated that if she had attended a meeting she thought she would have remembered the fact.

The circuit judge considered H. A. Winter, Inc., a fiction created by H. A. Winter in order to color his personal transactions with corporate protection. A reading of the record leads to the conclusion that

H. A. Winter, Inc., is no more in fact than H. A. Winter.

We think H. A. Winter, Inc., claimant, is estopped as against plaintiff from claiming the certificates pledged by Mr. Winter as collateral to his note.

Upon a review of the evidence we affirm the judgment of the court relative to the claim of H. A. Winter, Inc.

Plaintiff will recover costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.