## KOENGETER v. HOLZBAUGH.

1. JUDGMENT—JOINT LIABILITY OF HUSBAND AND WIFE—EXECUTION —PROPERTY SUBJECT TO LEVY.

   The recital in a judgment that it was rendered upon a written instrument delivered by defendants while they were husband and wife and indorsement of such recital of fact upon the writ of execution prevents levy upon the sole and separate estate of the defendant wife and limits it to property of the husband and that held by them as tenants by the entireties (CL 1948, §§ 557.52–557.54).

2. HUSBAND AND WIFE—JOINT LIABILITY—RECOVERY.

   Recovery on the joint liability of a husband and wife is limited, as to the wife, to property held by her and her husband by the entireties (CL 1948, §§ 557.52, 557.53).

3. SAME—MARRIED WOMAN'S CONTRACT.

   A married woman's contract, except with reference to her separate property, is void.

REFERENCES FOR POINTS IN HEADNOTES
[1] 27 Am Jur, Husband and Wife §§ 625, 629.
[2] 26 Am Jur, Husband and Wife § 86.
[3, 4] 26 Am Jur, Husband and Wife § 135.
[5, 6] 13 Am Jur, Corporations § 511.

4. SAME—MARRIED WOMEN—CONSIDERATION—BURDEN OF PROOF.

A plaintiff who sues a married woman in assumpsit has the burden of showing that consideration for the obligation sued upon passed to her and that her promise to pay had reference to her own separate property.

5. CORPORATIONS—CONTRACTS—STOCKHOLDERS—FRAUD.

A contract for the benefit of a corporation is not a contract for the benefit of the separate estates of its several stockholders and such a contract is not transformed into a contract of the latter character by the mere fact that all the stock of the corporation happens to be owned by 1 person, in the absence of a showing of fraudulent or improper use of the corporate device to cloak the actions of such sole stockholder.

6. HUSBAND AND WIFE—MARRIED WOMAN—JOINT OBLIGATION—CORPORATIONS.

Recovery from the separate estate of a married woman may not be had based on the joint obligation of herself and husband to a creditor who was informed that the loan was to provide working capital for a corporation of which defendant wife was the sole stockholder (CL 1948, §§ 557.52, 557.53).

Appeal from Wayne; Toms (Robert M.), J. Submitted October 10, 1951. (Docket No. 67, Calendar No. 45,160.) Decided January 7, 1952.

Action by Laura Koengeter against Fred Holzbaugh and Dorothy K. Callahan, formerly Dorothy K. Holzbaugh, on a promissory note. Judgment for plaintiff as upon written instrument executed by husband and wife. Plaintiff appeals. Affirmed.

*Joseph W. McDonnell*, for plaintiff.

*Heal, Deeley, LoCicero & Wilke*, for defendant Callahan.

DETHMERS, J. Facts material to decision are stipulated to be as follows:

"A promissory note dated April 18, 1946, was made and delivered by Dorothy K. Holzbaugh and Fred Holzbaugh to order of Henry Feldkamp or Laura

Koengeter. The comakers were husband and wife on that date. The sum of $10,000 was received for the said note.   *   *   *   In making the loan, the makers told the holders of the note that the loan was for the purpose of providing working capital for the Holzbaugh Machinery Sales, Inc. and the money was used for this purpose.

"Dorothy Holzbaugh was the sole stockholder of this Michigan corporation."

In suit on the note plaintiff obtained judgment which recited, in accord with CL 1948, § 557.54 (Stat Ann § 26.184), that it was rendered upon a written instrument delivered by defendants while they were husband and wife and directed the indorsement of such recital of fact upon the writ of execution to be issued thereon. The effect of the recital, under the statute, is to prevent levy upon the sole and separate estate of defendant wife and to limit it to property of the husband and that held by them by the entireties. Plaintiff appeals, contending that the judgment and writ should not be so limited.

Were it not for the makers' expressed intention to use and subsequent actual use of the avails of the loan to provide working capital for the corporation the record would present, for lack of any proof to the contrary, a plain case of joint liability on the part of the husband and wife under the enabling provisions of CL 1948, § 557.52 (Stat Ann § 26.182), which liability would be limited, as to the wife, by the provisions of CL 1948, § 557.53 (Stat Ann § 26.183), to property held by her and her husband by the entireties; and plaintiff could not then be heard to complain of the judgment as entered. See *Kies v. Walworth*, 250 Mich 34; *McDougall v. Henderson*, 260 Mich 71. It is plaintiff's position, however, that the expressed intention and actual use of the money for the corporation entitled plaintiff to a judgment permitting levy upon the separate estate

of the defendant wife, hereinafter called the defendant.

Plaintiff points out that under CL 1948, § 557.1 (Stat Ann § 26.161) a married woman may contract with relation to her sole and separate estate and that, in doing so, she may assume an obligation jointly with her husband for a consideration running to her with reference to her separate property, in which case the obligation may be enforced by levy not only upon property held by the entireties, but upon the wife's as well as the husband's separate estate. See *Kies* v. *Walworth, supra; Menard* v. *Campbell,* 180 Mich 583; *Whelpley* v. *Stoughton,* 112 Mich 594; *National Lumberman's Bank* v. *Miller,* 131 Mich 564 (100 Am St Rep 623). On the other hand, a married woman's contract, except with reference to her separate property, is void. *Judd* v. *Judd,* 187 Mich 612. She cannot become personally liable on an executory promise unless it concerns her separate estate; and her note given for any other consideration is void. *Kenton Ins. Co.* v. *McClellan,* 43 Mich 564. In assumpsit against a married woman plaintiff has the burden of showing that consideration for the obligation sued upon passed to her and that her promise to pay had reference to her own separate property. *Dowagiac National Bank* v. *Maier,* 285 Mich 1. The question presented, therefore, is whether the transaction here involved was with reference to and for the benefit of defendant's sole and separate estate.

Plaintiff cites *Monroe State Savings Bank* v. *Orloff,* 232 Mich 486, in which it was held that plaintiff's surrender to the defendant married woman of a note from a corporation of which she was a stockholder constituted a consideration benefiting her separate estate sufficient to charge the latter with payment of a promissory note given by her to plaintiff in exchange therefor. This Court said that the transaction amounted to a purchase by her from plaintiff

of the corporation note which thereupon became a part of the assets of her separate estate. The record discloses no such addition or benefit to the assets of defendant's separate estate in the instant case except as they may have been enhanced indirectly by the benefit realized by the corporation.

Plaintiff also cites *Peoples Wayne County Bank* v. *Wesolowska*, 256 Mich 45, and *Shepard* v. *Bestar*, 271 Mich 219, for the proposition that the lender's advance knowledge of a married woman's intention to turn the money borrowed by her over to another cannot serve to relieve her separate estate of liability. In both cases the wife gave her personal note, signed by her only, and received the avails of the loan herself. Her resultant liability, which then came into being in those cases, could not be defeated by her subsequent delivery of the borrowed moneys to her husband. In the instant case defendant executed the note jointly with her husband and the record fails to disclose that the avails of the loan went to her or her separate estate, but, on the contrary, it is stipulated that they went to the corporation. Plaintiff undertakes to meet this situation, however, by citing *Industrial Co.* v. *Winter*, 256 Mich 474, and *Montgomery* v. *Central National Bank & Trust Co.*, 267 Mich 142, for the theory that the corporation was but a front for its sole stockholder and that under such circumstances the court should pierce the corporate veil and hold the apparent benefit to the corporation to have been, in reality, a benefit to its sole stockholder, the defendant. Such course was necessary in the chancery proceedings in the *Montgomery Case* in order to give effect to the manifest intent of the parties to restrictive covenants in a deed. In the *Winter Case* the Court found the corporation in question to be a fiction created to color the personal transactions of its chief stockholder with corporate protection. The stipulated facts at bar fail to bring

this case within the scope of either of these cases. In *Russel* v. *Peoples Savings Bank,* 39 Mich 671 (33 Am Rep 444), a married woman was held not liable on her contract of suretyship for the benefit of a corporation of which she was a stockholder. In *Kirby* v. *Orloff,* 226 Mich 413, a married woman was held not liable on her promissory note given in settlement of an obligation due plaintiff from a corporation of which she was a stockholder. In *Fitzgerald* v. *Harry I. Garson Productions,* 221 Mich 88, a married woman was held not liable on her indorsement of a promissory note given plaintiff by a corporation of which she was a large stockholder. The holdings in these 3 cases were planted squarely on the proposition that the property of the corporation was not the property of the separate estate of the married woman, even though she happened to be a stockholder of the corporation; that her legal identity as a stockholder was distinct from that of the corporation; that contracts for the benefit of a corporation are not contracts for the benefit of the estates of its stockholders. It is true that in each of these cases the married woman was not the sole stockholder. That distinction should not be controlling. A contract for the benefit of a corporation which, under our holdings, is not a contract for the benefit of the separate estates of its several stockholders, is not transformed into a contract of the latter character by the mere fact that all the stock of the corporation happens to be owned by 1 person, in the absence of a showing of fraudulent or improper use of the corporate device to cloak the actions of such sole stockholder.

We note that plaintiff quotes language from *Greening* v. *Wallace,* 257 Mich 343, which, under slightly different circumstances, might appear helpful to her position. Appropriate as the language may have been to the purposes for which it originally was given

expression, the case is scarcely in point inasmuch as it involved an attempt by the plaintiff therein to impose liability only upon property which was owned by a husband and wife by the entireties and for the purchase of which the obligation sued upon had been incurred.

Judgment affirmed.  Costs to defendant.

North, C. J., and Butzel, Carr, Bushnell, Sharpe, Boyles, and Reid, JJ., concurred.