## DETROIT NEWSPAPER INDUSTRIAL CREDIT UNION *v.* McDONALD.

1. BILLS AND NOTES—MARRIED WOMEN—COVERTURE.
    The affirmative defense of coverture is not available to defendant, a married woman, in an action on a promissory note on which the defendant had defaulted.

2. HUSBAND AND WIFE—MARRIED WOMEN—CONSIDERATION—BURDEN OF PROOF.
    A plaintiff who sues a married woman in assumpsit has the burden of showing that consideration for the obligation sued upon passed to her and that her promise to pay had reference to her own separate property.

3. SAME—MARRIED WOMEN—CONSIDERATION—EVIDENCE.
    Check issued by plaintiff credit union to defendant, a married woman, in which payees were defendant, her husband, and an automobile dealer, containing restrictive notice on back of check that it was issued to pay for automobile to be titled in name of defendant, *held*, to constitute evidence that plaintiff intended that consideration go to defendant, and defendant told plaintiff consideration would go to her, in action by plaintiff to collect note given by defendant and her husband as comakers in exchange for check, as against defense that title of car was in husband only, and that defendant received no consideration for her promise.

4. PROPERTY—COVERTURE DISABILITIES ABOLISHED.
    The disabilities of coverture as to property are abolished (Const 1963, art 10, § 1).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 11 Am Jur 2d, Bills and Notes § 719.
[2, 3] 1 Am Jur 2d, Actions § 14; 26 Am Jur, Husband and Wife §§ 138–140.
[4, 5] 26 Am Jur, Husband and Wife, §§ 20, 21.

5. Bills and Notes—Married Women—Coverture.

Constitutional abolition of disabilities of coverture renders a defense by a married woman that she received no consideration inuring to her separate estate, for a note on which her husband was comaker, without merit (Const 1963, art 10, § 1).

Appeal from Common Pleas Court of Detroit; Stanczyk (Benjamin C.), J. Submitted Division 1 May 2, 1967, at Detroit. (Docket No. 2,384.) Decided December 7, 1967.

Declaration by Detroit Newspaper Industrial Credit Union, a Michigan corporation, against Margaret McDonald for the amount due on a promissory note plus interest. Judgment for plaintiff. Defendant appeals. Affirmed.

*Berkley & Berkley,* for plaintiff.

*Donald M. Barton,* for defendant.

J. H. Gillis, J. The issue presented by this case concerns "the peculiar institution of coverture which is now, with some exceptions, relegated to history's legal museum." *United States* v. *Yazell* (1966), 382 US 341, 343 (86 S Ct 500, 502, 15 L ed 2d 404, 405).

Partial extinction of this concept in Michigan was accomplished by the rights of married women act of 1855 and its amendments, CL 1948, § 557.1 *et seq.* (Stat Ann 1957 Rev § 26.161 *et seq.*). The first section of the act reads:

"The real and personal estate of every female, acquired before marriage, and all property, real and personal, to which she may afterwards become entitled by gift, grant, inheritance, devise, or in any other manner, shall be and remain the estate and property of such female and shall not be liable for

the debts, obligations and engagements of her husband and may be contracted, sold, transferred, mortgaged, conveyed, devised or bequeathed by her in the same manner and with the like effect as if she were unmarried."

Defendant, Margaret McDonald, a married woman, applied for a loan from plaintiff credit union on November 16, 1964. The application stated that the purposes of the loan were: (1) $200 for automobile insurance, (2) $2,278.40 for purchase of a 1965 Volkswagen Karmann Ghia, (3) $86 as a credit toward a prior loan from plaintiff to defendant; the total was $2,564.40. Due to defendant's employment, she qualified to make an application for a loan from the plaintiff. Defendant's husband, Paul, was not eligible to borrow from the plaintiff and did not join in the application.

On November 16, 1964 the loan was approved and defendant executed a promissory note for $2,564.40; Paul McDonald cosigned this note under the designation "signature of co-maker." The final element in this transaction of November 16 was plaintiff's issuance of 2 checks: the first was payable to the order of the defendant in the sum of $200; the second was payable to defendant, her husband, Paul McDonald, and Bud Clark, Inc., the Volkswagen dealer, in the amount of $2,278.40.

The credit union official testified that he handed the principal check to the defendant, but the defendant's husband testified that the check was given to him. On the back of the check appeared the following restriction:

"Your indorsement constitutes acceptance of this check as payment in full for 1965 Volks Wagen and acceptance of the following conditions: (a) Title to vehicle purchased by borrower is forthwith placed in the borrower with security interest in the amount of $2,564.40 in favor of Detroit Newspaper Indus-

trial Credit Union at 1110 Park Pl., Detroit, Michigan 48226 which security interest is to be disclosed in the application for certificate of title. (b) You will direct the Secretary of State to forward certificate of title to maker of this check. Executed form for this purpose is attached. (c) Upon receipt from the Secretary of State of the duplicate application for certificate of title, you will forward same to the maker. Stamped, self-addressed envelope for this purpose attached."

Under this restriction appeared the signature of Margaret McDonald and Paul H. McDonald. This was followed by the depositor's stamp with the name of Bud Clark, Inc., affixed thereon. Title to the automobile, however, was taken in the name of Paul H. McDonald alone. Four payments on the note were made by defendant prior to the default which precipitated the instant suit.

An assumpsit action was commenced on February 4, 1966, service of process made on defendant and subsequently an answer was filed on behalf of the defendant which *inter alia* set up the affirmative defense of coverture. Under the heading of affirmative defense the defendant contended "that defendant was and is a married women [*sic*], and that no part of the consideration inured to her separate estate."

On May 26, 1966, the trial court rendered judgment for plaintiff for the unpaid principal, interest, costs and attorney's fee. Motion for new trial was denied. An appeal was taken to this Court.

The requisites for a recovery in assumpsit against a married woman were formulated in *Koengeter* v. *Holzbaugh* (1952), 332 Mich 280, 283:

"She cannot become personally liable on an executory promise unless it concerns her separate estate; and her note given for any other consideration is

void. * * * In assumpsit against a married woman plaintiff has the burden of showing that consideration for the obligation sued upon passed to her and that her promise to pay had reference to her own separate property."

The trial court ruled that the defense of coverture was not available to the defendant and entered judgment for the balance due on the note plus costs. In analyzing the factual situation in the instant case and the rule set forth in *Koengeter, supra*, it is important to remember the following. The check representing the consideration for the note was made payable to the defendant, although it additionally required the signature of defendant's husband and the Volkswagen dealer to negotiate. Obviously the defendant's husband's name was inserted on the check since he signed the note as an accommodation party and would, if the defendant failed to make payments as required under the terms of the note, be liable for the balance due. The plaintiff, before making the loan, required the defendant to advise it where the proceeds would be utilized. The credit manager of the plaintiff corporation testified that it was common practice in their organization to insert the automobile dealer's name on the check when the loan was made for the purpose of purchasing an automobile. The application for the loan, which was signed only by the defendant, stated that she applied for the loan for the purposes of purchasing a 1965 automobile, paying the automobile insurance, and paying off a small balance due on a prior loan. The principal check issued by the plaintiff put the defendant, her husband, and the Volkswagen dealer on notice that it was to be used for the purchase of an automobile which was required to be titled in the name of the defendant. This is certainly good evidence that the plaintiff intended that the consideration for the

note go to the defendant. It is further evidence that the plaintiff was advised by the defendant that the consideration would go to her. These facts amply distinguish this case from the factual situation in *Koengeter, supra.* In the latter case the comakers, who were husband and wife, advised the lenders that the proceeds were to be used as working capital for the benefit of a corporation.

We would, therefore, affirm the trial court. This appeal did not raise any issues concerning the effect of the Michigan Constitution of 1963, effective January 1, 1964. The cause of action in the instant case arose thereafter. The first sentence of Const 1963, art 10, § 1, states: "The disabilities of coverture as to property are abolished." On this basis alone we would likewise affirm the trial court.

Affirmed. Costs to appellee.

LESINSKI, C. J., and WEIPERT, J., concurred.